UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                              CASE NO. 1:20-CR-189

v.

                              HON. ROBERT J. JONKER

MYKAEL LEE BOOKER,

        Defendant.

_____/

## SUPPLEMENTAL ORDER

The Court appreciates the government's briefing on the question the Court raised regarding anticipated proofs on the Section 924(c) charge against Defendant Booker, and in particular on whether the "pistol" referenced in the charge is a "firearm" within the meaning of 18 U.S.C. § 921(a)(3). The government brief covers the law and anticipated proofs on that. It also goes beyond that narrow question to summarize anticipated proofs on the other elements of the Section 924(c) charge, including 1) whether Defendant possessed the pistol; and if so, 2) whether possession was "in furtherance of" a drug trafficking crime. This is all helpful to the Court's overall understanding of the case.

As the defense prepares its own response brief on the "pistol as firearm" issue, though, the Court emphasizes that if Defendant ultimately wishes to enter a guilty plea to the Section 924(c) charge, the Court will expect the Defendant himself to admit the key elements involved in that charge, including his possession (actual, constructive or joint) of at least one pistol at the time charged, and that the possession was "in furtherance of" a drug trafficking crime. The Court ordinarily accepts an uncontested government proffer on limited jurisdictional issues (such as

"affecting commerce" for a Section 922(g)(1) charge), or definitional issues (such as particular pistol qualifying as a "firearm" for a Section 924(c) charge).

Of course, this does not mean the defense must be ready to accept everything the government expects to show, such as the government's belief that Defendant intended to shoot, or even kill, someone with the pistol over a drug debt. But the Court normally accepts a tendered guilty plea only if a Defendant is prepared to admit and does admit the minimal factual basis for the charge. If a Defendant is not willing to do that much, the Court normally does not accept a plea and sets the matter for trial regardless of the strength of the government's proffered proofs.

Dated:   July 8, 2021                               /s/ Robert J. Jonker
                                                    ROBERT J. JONKER
                                                    CHIEF UNITED STATES DISTRICT JUDGE