UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

               Plaintiff,                           No. 1:20-cr-189

v.                                        Hon. Jane M. Beckering
                                            U.S. District Judge

DENNIS LYNN CARTWRIGHT, JR. &
MYKAEL LEE BOOKER,

               Defendants.
_____/

**GOVERNMENT'S PROPOSED JURY INSTRUCTIONS**

      The government respectfully submits the following set of proposed jury instructions. All of the instructions are taken from the Sixth Circuit Pattern Jury Instructions (Criminal) (October 1, 2021). The government respectfully asks for the opportunity to submit additional or altered instructions prior to the instruction of the jury, if necessary.

      The United States submitted the proposed instructions to defense counsel for concurrence on March 21, 2022. The government received a response from counsel for Mr. Booker and has incorporated changes that were requested. Hence, these instructions represent a joint submission with respect to the government and Mr. Booker. The government has not received a response from counsel for Mr. Cartwright.

                                      Respectfully submitted,
                                      ANDREW BYERLY BIRGE
                                      United States Attorney

Date: March 23, 2022                  /s/ *Austin J. Hakes*
                                      AUSTIN J. HAKES
                                      ERIN K. LANE
                                      Assistant United States Attorneys
                                      P.O. Box 208
                                      Grand Rapids, Michigan 49501-0208
                                      (616) 456-2404

| **Pattern Inst. No.** | **Description** |
|---|---|
| 1.01 | Introduction |
| 1.02 | Jurors' Duties |
| 1.03 | Presumption of Innocence, Burden of Proof and Reasonable Doubt |
| 1.04 | Evidence Defined |
| 1.05 | Consideration of Evidence |
| 1.06 | Direct and Circumstantial Evidence |
| 1.07 | Credibility of Witnesses |
| 1.08 | Number of Witnesses |
| 1.09 | Lawyers' Objections |
| 2.01 | Introduction |
| 2.01A | Separate Consideration – Single Defendant Charged with Multiple Crimes |

**Count 1**

| 14.05 | Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances |
|---|---|
| 14.07B | Determining Amount of Controlled Substance |

**Counts 2, 4, and 6**

| 14.01 | Possession with Intent to Distribute a Controlled Substance |
|---|---|

**Counts 3 and 7**

| 12.03 | Possessing a Firearm in Furtherance of Drug Trafficking |
|---|---|

**Count 5**

| 12.01 | Felon in Possession of a Firearm |
|---|---|

**Count 8**

| 3.01A, 3.02, 11.02, 3.03 | Conspiracy to Commit Concealment Money Laundering |
|---|---|

**Other Instructions**

| 2.04 | On or About |
|---|---|
| 2.08 | Inferring Required Mental State |
| 2.10 | Actual and Constructive Possession |
| 2.11 | Joint Possession |
| 2.12 | Use of the Word "And" in the Indictment |
| 7.01 | Introduction |
| 7.02A | Defendant's Election Not to Testify |

| | |
|---|---|
| 7.02B | Defendant's Testimony |
| 7.03 | Opinion Testimony |
| 7.03A | Mixed Fact and Opinion Testimony |
| 7.20 | Statement by Defendant |
| 7.21 | Stipulations |
| 8.01 | Introduction |
| 8.02 | Experiments, Research, Investigation and Outside Communications |
| 8.03 | Unanimous Verdict |
| 8.04 | Duty to Deliberate |
| 8.05 | Punishment |
| 8.06 | Verdict Form |
| 8.08 | Verdict Limited to Charges Against These Defendants |
| 8.09 | Court Has No Opinion |
| 8.10 | Juror Notes |

iii

## INTRODUCTION (1.01)

(1) Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case.

(2) I will start by explaining your duties and the general rules that apply in every criminal case.

(3) Then I will explain the elements, or parts, of the crimes that the defendants are accused of committing.

(4) Then I will explain some rules that you must use in evaluating particular testimony and evidence.

(5) And last, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

(6) Please listen very carefully to everything I say.

## JURORS' DUTIES (1.02)

(1) You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

(2) Your second duty is to take the law that I give you, apply it to the facts, and decide if the government has proved each defendant guilty beyond a reasonable doubt. It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

(3) The lawyers have talked about the law during their arguments. But if what they said is different from what I say, you must follow what I say.  What I say about the law controls.

(4) Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

## PRESUMPTION OF INNOCENCE, BURDEN OF PROOF, REASONABLE DOUBT (1.03)

(1) As you know, the defendants have pleaded not guilty to the crimes charged in the indictment.  The indictment is not any evidence at all of guilt.  It is just the formal way that the government tells each defendant what crimes he is accused of committing.  It does not even raise any suspicion of guilt.

(2) Instead, each defendant starts the trial with a clean slate, with no evidence at all against him, and the law presumes that he is innocent. This presumption of innocence stays with each defendant unless the government presents evidence here in court that overcomes the presumption and convinces you beyond a reasonable doubt that he is guilty.

(3) This means that each defendant has no obligation to present any evidence at all, or to prove to you in any way that he is innocent.  It is up to the government to prove that he is guilty, and this burden stays on the government from start to finish.  You must find each defendant not guilty unless the government convinces you beyond a reasonable doubt that he is guilty.

(4) The government must prove every element of the crimes charged beyond a reasonable doubt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt. Possible doubts or doubts based purely on speculation are not reasonable doubts. A reasonable doubt is a doubt based on reason and common sense. It may arise from the evidence, the lack of evidence, or the nature of the evidence.

(5) Proof beyond a reasonable doubt means proof which is so convincing that you would not hesitate to rely and act on it in making the most important decisions in your own lives. If you are convinced that the government has proved a defendant guilty beyond a reasonable doubt, say so by returning a guilty verdict. If you are not convinced, say so by returning a not guilty verdict.

## EVIDENCE DEFINED (1.04)

(1) You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

(2) The evidence in this case includes only what the witnesses said while they were testifying under oath; the exhibits that I allowed into evidence; and the stipulations that the lawyers agreed to.

(3) Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence.  My legal rulings are not evidence.  And my comments and questions are not evidence.

(4) During the trial I did not let you hear the answers to some of the questions that the lawyers asked. I also ruled that you could not see some of the exhibits that the lawyers wanted you to see. And sometimes I ordered you to disregard things that you saw or heard, or I struck things from the record. You must completely ignore all of these things. Do not even think about them. Do not speculate about what a witness might have said or what an exhibit might have shown.  These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

(5) Make your decision based only on the evidence, as I have defined it here, and nothing else.

## CONSIDERATION OF EVIDENCE (1.05)

(1)  You are to consider only the evidence in the case. You should use your common sense in weighing the evidence. Consider the evidence in light of your everyday experience with people and events, and give it whatever weight you believe it deserves.  If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

(2)  In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this an "inference." A jury is allowed to make reasonable inferences, unless otherwise instructed. Any inferences you make must be reasonable and must be based on the evidence in the case.

(3)  The existence of an inference does not change or shift the burden of proof from the government to a defendant.

## DIRECT AND CIRCUMSTANTIAL EVIDENCE (1.06)

(1) Now, some of you may have heard the terms "direct evidence" and "circumstantial evidence."

(2) Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact.  If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining.

(3) Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact.  If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

(4) It is your job to decide how much weight to give the direct and circumstantial evidence.  The law does not distinguish between the weight that you should give to either one, or say that one is any better evidence than the other.  You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

## CREDIBILITY OF WITNESSES (1.07)

(1) Another part of your job as jurors is to decide how credible or believable each witness was.  This is your job, not mine.  It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves.  You are free to believe everything that a witness said, or only part of it, or none of it at all.  But you should act reasonably and carefully in making these decisions.

(2) Let me suggest some things for you to consider in evaluating each witness's testimony.

(A) Ask yourself if the witness was able to clearly see or hear the events.  Sometimes even an honest witness may not have been able to see or hear what was happening, and may make a mistake.

(B) Ask yourself how good the witness's memory seemed to be.  Did the witness seem able to accurately remember what happened?

(C) Ask yourself if there was anything else that may have interfered with the witness's ability to perceive or remember the events.

(D) Ask yourself how the witness acted while testifying.  Did the witness appear honest?  Or did the witness appear to be lying?

(E) Ask yourself if the witness had any relationship to the government or a defendant, or anything to gain or lose from the case, that might influence the witness's testimony.  Ask yourself if the witness had any bias, or prejudice, or reason for testifying that might cause the witness to lie or to slant the testimony in favor of one side or the other.

(F) And ask yourself how believable the witness's testimony was in light of all the other evidence.  Was the witness's testimony supported or contradicted by other evidence that you found believable?  If you believe that a witness's testimony was contradicted by other evidence, remember that people sometimes forget things, and that even two honest people who witness the same event may not describe it exactly the same way.

(3) These are only some of the things that you may consider in deciding how believable each witness was.  You may also consider other things that you think shed some light on the witness's believability.  Use your common sense and your everyday experience in dealing with other people.  And then decide what testimony you believe, and how much weight you think it deserves.

## NUMBER OF WITNESSES (1.08)

(1) One more point about the witnesses.  Sometimes jurors wonder if the number of witnesses who testified makes any difference.

(2) Do not make any decisions based only on the number of witnesses who testified. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves.  Concentrate on that, not the numbers.

## LAWYERS' OBJECTIONS (1.09)

(1) There is one more general subject that I want to talk to you about before I begin explaining the elements of the crime charged.

(2) The lawyers for both sides objected to some of the things that were said or done during the trial.  Do not hold that against either side.  The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence. Those rules are designed to make sure that both sides receive a fair trial.

(3) And do not interpret my rulings on their objections as any indication of how I think the case should be decided.  My rulings were based on the rules of evidence, not on how I feel about the case.  Remember that your decision must be based only on the evidence that you saw and heard here in court.

## INTRODUCTION (2.01)

(1) That concludes the part of my instructions explaining your duties and the general rules that apply in every criminal case.  In a moment, I will explain the elements of the crimes that the defendants are accused of committing.

(2) But before I do that, I want to emphasize that the defendants are only on trial for the particular crimes charged in the Third Superseding Indictment. Your job is limited to deciding whether the government has proved the crimes charged.

(3) Also keep in mind that whether anyone else should be prosecuted and convicted for these crimes is not a proper matter for you to consider. The possible guilt of others is no defense to a criminal charge. Your job is to decide if the government has proved each defendant guilty. Do not let the possible guilt of others influence your decision in any way.

## SEPARATE CONSIDERATION–SINGLE DEFENDANT
## CHARGED WITH MULTIPLE CRIMES (2.01A)

(1) Each defendant has been charged with more than one crime. The number of charges is no evidence of guilt, and this should not influence your decision in any way. It is your duty to separately consider the evidence that relates to each charge, and to return a separate verdict for each one. For each charge, you must decide whether the government has presented proof beyond a reasonable doubt that the defendant is guilty of that particular charge.

(2) Your decision on one charge, whether it is guilty or not guilty, should not influence your decision on any of the other charges.

## <u>COUNT  1</u>: CONSPIRACY TO DISTRIBUTE AND POSSESS WITH INTENT TO DISTRIBUTE CONTROLLED SUBSTANCES (14.05)

(1) Defendant Dennis Cartwright is charged in Count 1 with the crime of conspiracy to distribute and possess with the intent to distribute controlled substances.  It is a crime for two or more people to conspire, or agree, to commit a drug crime, even if they never actually achieve their goal.

(2) A conspiracy is a kind of criminal partnership.  For you to find the defendant guilty of the conspiracy charge, the government must prove each and every one of the following elements beyond a reasonable doubt:

  (A) First, that two or more people conspired, or agreed, to distribute or possess with intent to distribute a controlled substance; and

  (B)  That the defendant knowingly and voluntarily joined the conspiracy.

(3) Now I will give you more detailed instructions on some of these terms.

    (A) With regard to the first element – a criminal agreement – the government must prove that two or more persons conspired, or agreed, to cooperate with each other to distribute or possess with intent to distribute a controlled substance.

        (1) This does not require proof of any formal agreement, written or spoken. Nor does this require proof that everyone involved agreed on all of the details. But proof that people simply met together from time to time and talked about common interests, or engaged in similar conduct, is not enough to establish a criminal agreement. Nor is a single transaction between a buyer and a seller sufficient to establish the existence of a conspiracy. These are things that you may consider in deciding whether the government has proved an agreement. But without more they are not enough.

        (2) What the government must prove is that there was a mutual understanding, either spoken or unspoken, between two or more people, to cooperate with each other to distribute or possess with intent to distribute a controlled substance. This is essential.

        (3) An agreement can be proved indirectly, by facts and circumstances which lead to a conclusion that an agreement

existed. But it is up to the government to convince you that such facts and circumstances existed in this particular case.

(B)    With regard to the second element – the defendant's connection to the conspiracy – the government must prove that the defendant knowingly and voluntarily joined that agreement.

(1) The government must prove that the defendant knew the conspiracy's main purpose and voluntarily joined the conspiracy intending to help advance or achieve its goals.

(2) This does not require proof that the defendant knew everything about the conspiracy, or everyone else involved, or that he was a member of it from the very beginning. Nor does it require proof that the defendant played a major role in the conspiracy, or that his connection to it was substantial. A slight role or connection may be enough.

(3) Further, this does not require proof that the defendant knew the drug involved was cocaine, heroin, cocaine base, or marijuana. It is enough that the defendant knew that it was some kind of controlled substance. Nor does this require proof that the defendant knew how much of a controlled substance was involved. It is enough that the defendant knew that some quantity was involved.

(4) But proof that the defendant simply knew about a conspiracy, or was present at times, or associated with members of the group, is not enough, even if he approved of what was happening or did not object to it. Similarly, just because the defendant may have done something that happened to help a conspiracy does not necessarily make him a conspirator. These are all things that you may consider in deciding whether the government has proved that the defendant joined a conspiracy. But without more they are not enough.

(5) The defendant's knowledge can be proved indirectly by the facts and circumstances which lead to a conclusion that he knew the conspiracy's main purpose. But it is up to the government to convince you that such facts and circumstances existed in this particular case.

(4)    You must be convinced that the government has proved all of these elements beyond a reasonable doubt in order to find the defendant guilty of the conspiracy charge.

## DETERMINING AMOUNT OF CONTROLLED SUBSTANCE – COUNT 1
### (14.07B)

(1)      If you find Defendant Dennis Cartwright guilty of this charge, you will then be asked to determine whether cocaine was a controlled substance attributable to him as the result of his own conduct and the conduct of other co-conspirators that was reasonably foreseeable to him. If you find that cocaine falls within this category, you will be asked to determine the quantity of cocaine involved in the conspiracy that was attributable to him as the result of his own conduct and the conduct of other co-conspirators that was reasonably foreseeable to him. You will be provided with a special verdict form for this purpose.

(2)      If you find by unanimous agreement that the government has proved beyond a reasonable doubt that a quantity of 500 grams or more of a mixture or substance containing a detectable amount of cocaine was attributable to the defendant as a result of his own conduct and the conduct of other co-conspirators that was reasonably foreseeable to him, then please indicate this finding on the special verdict form.

(3)      In determining the quantity of the controlled substance, you need not find that the defendant knew that his offense involved this quantity of drugs.

## <u>COUNTS 2, 4, and 6</u>: POSSESSION WITH INTENT TO DISTRIBUTE CONTROLLED SUBSTANCES (14.01)

(1)   Count 2 charges Defendant Mykael Booker with possession with intent to distribute cocaine base. Count 4 charges Defendant Dennis Cartwright with possession with intent to distribute cocaine. Count 6 charges Defendant Dennis Cartwright with possession with intent to distribute marijuana. Cocaine base, cocaine, and marijuana are controlled substances. For you to find the defendants guilty of these crimes, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt for each offense:

      (A) First, the defendant knowingly or intentionally possessed a controlled substance.

      (B) Second, the defendant intended to distribute the controlled substance.

(2)   Now I will give you more detailed instructions on some of these terms.

      (A) To prove that a defendant "knowingly" possessed a controlled substance, the defendant did not have to know that the substance was cocaine base, cocaine, or marijuana. It is enough that the defendant knew that it was some kind of controlled substance. Further, the defendant did not have to know how much controlled substance he possessed. It is enough that the defendant knew that he possessed some quantity of controlled substance.

      (B) The phrase "intended to distribute" means the defendant intended to deliver or transfer a controlled substance sometime in the future. The term distribute includes the actual, constructive, or attempted transfer of a controlled substance. To distribute a controlled substance, there need not be an exchange of money.

(3)   In determining whether the defendant had the intent to distribute, you may consider all the facts and circumstances shown by the evidence, including the defendant's words and actions. Intent to distribute can be inferred from the possession of a large quantity of drugs, too large for personal use alone. You may also consider the estimated street value of the drugs, the purity of the drugs, the manner in which the drugs were packaged, the presence or absence of a large amount of cash, the presence or absence of weapons, and the presence or absence of equipment used for the sale of drugs. The law does not require you to draw such an inference, but you may draw it.

(4)   If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge.  If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of this charge.

### COUNTS 3 and 7: POSSESSION OF A FIREARM IN FURTHERANCE OF A DRUG TRAFFICKING CRIME (12.03)

(1) Count 3 charges Defendant Mykael Booker with violating federal law by possessing a firearm in furtherance of a drug trafficking crime. Count 7 charges Defendant Dennis Cartwright with violating federal law by possessing a firearm in furtherance of a drug trafficking crime. For you to find a defendant guilty of this crime, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

Concerning Defendant Mykael Booker:

> (A) First: That the defendant committed the crime charged in Count 1 (conspiracy to distribute and possess with intent to distribute controlled substances) or the crime charged in Count 2 (possession within intent to distribute cocaine base). Counts 1 and 2 are both drug trafficking crimes which may be prosecuted in a court of the United States.

> (B) Second: That the defendant knowingly possessed a firearm.

> (C) Third: That the possession of the firearm was in furtherance of the crime charged in Count 1 or Count 2.

Concerning Defendant Dennis Cartwright:

> (A) First: That the defendant committed the crime charged in Count 1 (conspiracy to distribute and possess with intent to distribute controlled substances) or the crime charged in Count 6 (possession within intent to distribute marijuana). Count 1 and Count 6 are both drug trafficking crimes which may be prosecuted in a court of the United States.

> (B) Second: That the defendant knowingly possessed a firearm.

> (C) Third: That the possession of the firearm was in furtherance of the crime charged in Count 1 or Count 6.

(2) Now I will give you more detailed instructions on some of these terms.

> (A) The term "firearm" means any weapon which will or is designed to or may readily be converted to expel a projectile by the action of an explosive. The firearm need not be loaded.

> (B) The term "knowingly" means voluntarily and intentionally, and not because of mistake or accident.

20

(C) The term "in furtherance of" means that the firearm was possessed to advance or promote the drug trafficking crime charged in Count 1 or 2 (for Defendant Mykael Booker) or in Count 1 or 6 (for Defendant Dennis Cartwright). In deciding whether the firearm was possessed to advance or promote the drug trafficking crime charged in these other Counts, you may consider these factors: (1) whether the firearm was strategically located so that it was quickly and easily available for use; (2) whether the firearm was loaded; (3) the type of weapon; (4) whether possession of the firearm was legal; (5) the type of drug trafficking crime; and (6) the time and circumstances under which the firearm was found. This list is not exhaustive.

(3) The government need not prove that a particular firearm was possessed in furtherance of the drug trafficking crime. However, in order to return a guilty verdict against Defendant Mykael Booker, you must unanimously agree as to at least one specific occurrence on which he personally possessed a firearm in furtherance of Count 1 or Count 2. In order to return a guilty verdict against Defendant Dennis Cartwright, you must unanimously agree as to at least one specific occurrence on which he personally possessed a firearm in furtherance of Count 1 or Count 6.

(4) If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any of these elements, then you must find the defendant not guilty of this charge.

## **COUNT 5**: FELON IN POSSESSION OF A FIREARM (12.01)

(1)  Defendant Dennis Cartwright is charged in Count 5 with the crime of being a felon in possession a firearm. For you to find the defendant guilty of this crime, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

>   (A) First, that the defendant has been convicted of a crime punishable by imprisonment for more than one year.  [The government and the defendant have agreed that the defendant has previously been convicted of a crime punishable by imprisonment for more than one year.]

>   (B) Second, that the defendant, following his conviction knowingly possessed a firearm.

>   (C) Third, that at the time the defendant possessed the firearm, he knew he had been convicted of a crime punishable by imprisonment for more than one year.

>   (D) Fourth, that the firearm crossed a state line prior to the alleged possession. It is sufficient for this element to show that the firearm was manufactured in a state other than Michigan. [The government and the defendant have agreed that the firearm crossed a state line prior to the alleged possession.]

 (2)  The term "knowingly" means voluntarily and intentionally, and not because of mistake or accident.

(4) If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge.  If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of this charge.

## COUNT 8: CONSPIRACY TO COMMIT CONCEALMENT MONEY LAUNDERING (3.01A, 3.02, 11.02, 3.03)

(1)  Defendant Dennis Cartwright is charged in Count 8 with the crime of conspiracy to commit concealment money laundering.  It is a crime for two or more people to conspire, or agree, to commit a criminal act, even if they never actually achieve their goal.

(2) A conspiracy is a kind of criminal partnership.  For you to find the defendant guilty of this charge, the government must prove each and every one of the following elements beyond a reasonable doubt:

(A) Two or more people conspired, or agreed, to commit the crime of concealment money laundering.

(B) The defendant knowingly and voluntarily joined the conspiracy.

(3)  With regard to the first element--a criminal agreement--the government must prove that two or more persons conspired, or agreed, to cooperate with each other to commit the crime of concealment money laundering.

(A)     This does not require proof of any formal agreement, written or spoken. Nor does this require proof that everyone involved agreed on all the details. But proof that people simply met together from time to time and talked about common interests, or engaged in similar conduct, is not enough to establish a criminal agreement. These are things that you may consider in deciding whether the government has proved an agreement. But without more they are not enough.

(B)     What the government must prove is that there was a mutual understanding, either spoken or unspoken, between two or more people, to cooperate with each other to commit the crime of concealment money laundering. This is essential.

(C)     An agreement can be proved indirectly, by facts and circumstances which lead to a conclusion that an agreement existed. But it is up to the government to convince you that such facts and circumstances existed in this particular case.

(4)     As used in the first element, "concealment money laundering" means:

(A) First, that the defendant conducted or attempted to conduct a financial transaction.

(B) Second, that the financial transaction involved property that represented the proceeds of the drug conspiracy alleged in Count 1.

23

(C) Third, that the defendant knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity.

(D) Fourth, that the defendant knew that the transaction was designed in whole or in part to conceal or disguise the nature, location, source, ownership, and control of the proceeds of the drug conspiracy alleged in Count 1.

(E) Now I will give you more detailed instructions on some of these terms.

(i) The term "financial transaction" means:

(a) a transaction which in any way or degree affects interstate or foreign commerce (a) involving the movement of funds by wire or other means or (b) involving one or more monetary instruments, or (c) involving the transfer of title to any real property, vehicle, vessel, or aircraft, or

(b) a transaction involving the use of a financial institution which is engaged in, or the activities of which affect, interstate or foreign commerce in any way or degree.

(ii) The term "monetary instrument" means:

(a) coin or currency of the United States, or of any other country

(b) travelers' checks

(c) personal checks

(d) bank checks

(e) money orders

(f) investment securities or negotiable instruments, in bearer form or otherwise in such form that title passes upon delivery.

(iii) The word "conducts" includes initiating, concluding, or participating in initiating or concluding a transaction.

24

(iv)    The word "proceeds" means any property derived from, obtained, or retained, directly or indirectly, through some form of unlawful activity, including the gross receipts of such activity.

(v)    The phrase "knew that the property involved in a financial transaction represents the proceeds of some form of unlawful activity" means that the defendant knew the funds involved in the transaction represented the proceeds of some form, though not necessarily which form, of activity that constitutes a felony under state or federal law. The government does not have to prove the defendant knew the property involved represented proceeds of a felony as long as he knew the property involved represented proceeds of some form of unlawful activity.

(5)    If you are convinced that there was a criminal agreement, then you must decide whether the government has proved that the defendant knowingly and voluntarily joined that agreement. The government must prove that he knew the conspiracy's main purpose, and that he voluntarily joined it intending to help advance or achieve its goals.

(A)    This does not require proof that a defendant knew everything about the conspiracy, or everyone else involved, or that he was a member of it from the very beginning. Nor does it require proof that a defendant played a major role in the conspiracy, or that his connection to it was substantial. A slight role or connection may be enough.

(B)    But proof that a defendant simply knew about a conspiracy, or was present at times, or associated with members of the group, is not enough, even if he approved of what was happening or did not object to it. Similarly, just because a defendant may have done something that happened to help a conspiracy does not necessarily make him a conspirator. These are all things that you may consider in deciding whether the government has proved that a defendant joined a conspiracy. But without more they are not enough.

(C)    A defendant's knowledge can be proved indirectly by facts and circumstances which lead to a conclusion that he knew the conspiracy's main purpose. But it is up to the government to convince you that such facts and circumstances existed in this particular case.

(6)    You must be convinced that the government has proved all of these elements beyond a reasonable doubt in order to find the defendant guilty of the conspiracy charge.

## ON OR ABOUT (2.04)

(1) Next, I want to say a word about the dates mentioned in the indictment.

(2) The indictment charges that the crimes happened "on or about" a certain date. The government does not have to prove that the crimes happened on this exact date. But the government must prove that the crimes happened reasonably close to that date.

## INFERRING REQUIRED MENTAL STATE (2.08)

(1) Next, I want to explain something about proving a defendant's state of mind.

(2) Ordinarily, there is no way that a defendant's state of mind can be proved directly, because no one can read another person's mind and tell what that person is thinking.

(3) But a defendant's state of mind can be proved indirectly from the surrounding circumstances.  This includes things like what the defendant said, what the defendant did, how the defendant acted, and any other facts or circumstances in evidence that show what was in the defendant's mind.

(4) You may also consider the natural and probable results of any acts that the defendant knowingly did, and whether it is reasonable to conclude that the defendant intended those results.  This, of course, is all for you to decide.

## ACTUAL AND CONSTRUCTIVE POSSESSION (2.10)

(1) Next, I want to explain something about possession. The government does not necessarily have to prove that the defendant physically possessed a controlled substance or firearm for you to find him guilty of possession of a controlled substance with the intent to distribute it, possession of a firearm as felon, or possession of a firearm in furtherance of drug trafficking. The law recognizes two kinds of possession--actual possession and constructive possession. Either one of these, if proved by the government, is enough to convict.

(2) To establish actual possession, the government must prove that the defendant had direct, physical control over the item and knew that he had control of it.

(3) To establish constructive possession, the government must prove that the defendant had the right to exercise physical control over the item and knew that he had this right, and that he intended to exercise physical control over it at some time, either directly or through other persons.

(4) For example, if you left something with a friend intending to come back later and pick it up, or intending to send someone else to pick it up for you, you would have constructive possession of it while it was in the actual possession of your friend.

(5) But understand that just being present where something is located does not equal possession. The government must prove that the defendant had actual or constructive possession of the drugs or gun and knew that he did, for you to find him guilty of these crimes. This, of course, is all for you to decide.

## JOINT POSSESSION (2.11)

(1) One more thing about possession. The government does not have to prove that the defendant was the only one who had possession of the drugs or gun.  Two or more people can together share actual or constructive possession over property. And if they do, both are considered to have possession as far as the law is concerned.

(2) But remember that just being present with others who had possession is not enough to convict. The government must prove that the defendant had either actual or constructive possession of the drugs or gun and knew that he did, for you to find him guilty of this crime. This, again, is all for you to decide.

## USE OF THE WORD "AND" IN THE INDICTMENT (2.12)

Although Counts 1, 3, and 7 charged that the statute was violated by acts that are connected by the word "and," it is sufficient if the evidence establishes a violation of the statute by any one of the acts charged.  Of course, this must be proved beyond a reasonable doubt.

## INTRODUCTION (7.01)

That concludes the part of my instructions explaining the elements of the crimes. Next, I will explain some rules that you must use in considering some of the testimony and evidence.

## DEFENDANT'S ELECTION NOT TO TESTIFY OR PRESENT EVIDENCE
### (7.02A)

(1) A defendant has an absolute right not to testify or present evidence. The fact that he did not testify or present any evidence cannot be considered by you in any way. Do not even discuss it in your deliberations.

(2) Remember that it is up to the government to prove the defendant guilty beyond a reasonable doubt. It is not up to the defendant to prove that he is innocent.

## DEFENDANT'S TESTIMONY (7.02B)

(1) You have heard the defendant testify. Earlier, I talked to you about the "credibility" or the "believability" of the witnesses. And I suggested some things for you to consider in evaluating each witness's testimony.

(2) You should consider those same things in evaluating the defendant's testimony.

## OPINION TESTIMONY (7.03)

(1) You have heard the testimony of Special Agent Gregory Pond, Special Agent Luis Reyna, and Special Agent Andrew Holt who testified as opinion witnesses.

(2) You do not have to accept the opinion of these witnesses. In deciding how much weight to give each witness's opinion, you should consider the witness's qualifications and how he reached his conclusions. Also consider the other factors discussed in these instructions for weighing the credibility of witnesses.

(3) Remember that you alone decide how much of a witness's testimony to believe, and how much weight it deserves.

**WITNESS TESTIFYING TO BOTH FACTS AND OPINIONS (7.03A)**

(1) You have heard the testimony of Special Agents Alexis Giudice and Kim Singer, and forensic chemists Matthew Manney, Sarah Ray, and Caitlin McCauley, who testified to both facts and opinions. Each of these types of testimony should be given the proper weight.

(2) As to the testimony on facts, consider the factors discussed earlier in these instructions for weighing the credibility of witnesses.

(3) As to the testimony on opinions, you do not have to accept the opinions of these witnesses. In deciding how much weight to give each witness's opinion, you should consider the witness's qualifications and how he or she reached his conclusions along with the other factors discussed in these instructions for weighing the credibility of witnesses.

(4) Remember that you alone decide how much of a witness's testimony to believe, and how much weight it deserves.

## STATEMENT BY DEFENDANT (7.20)

(1) You have heard evidence that the defendants made a statement in which the government claims each defendant admitted certain facts.  It is for you to decide whether the defendant made that statement, and if so, how much weight it deserves. In making these decisions, you should consider all of the evidence about the statement, including the circumstances under which the defendant allegedly made it.

(2) You may not convict a defendant solely upon his own uncorroborated statement or admission.

## STIPULATIONS (7.21)

The government and the defendant have agreed, or stipulated, to certain facts. Therefore, you must accept the following stipulated facts as proved:

[Stipulations, if any, to be provided at trial.]

## INTRODUCTION (8.01)

(1) That concludes the part of my instructions explaining the rules for considering some of the testimony and evidence. Now let me finish up by explaining some things about your deliberations in the jury room, and your possible verdicts.

(2) The first thing that you should do in the jury room is choose someone to be your foreperson. This person will help to guide your discussions and will speak for you here in court.

(3) Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you. Any questions or messages normally should be sent to me through your foreperson.

(4) If you want to see any of the exhibits that were admitted in evidence, you may send me a message, and those exhibits will be provided to you.

(5) One more thing about messages. Do not ever write down or tell anyone, including me, how you stand on your votes. For example, do not write down or tell anyone that you are split 6-6, or 8-4, or whatever your vote happens to be. That should stay secret until you are finished.

## EXPERIMENTS, RESEARCH, INVESTIGATION AND OUTSIDE COMMUNICATIONS (8.02)

(1) Remember that you must make your decision based only on the evidence that you saw and heard here in court.

(2) During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, Blackberry, or computer, the Internet, any Internet service, or any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, LinkedIn, YouTube, Twitter, SnapChat, TikTok, or Telegram to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict. In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case. You can only discuss the case in the jury room with your fellow jurors during deliberations. I expect you will inform me as soon as you become aware of another juror's violation of these instructions.

(3) You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. Information on the Internet or available through social media might be wrong, incomplete, or inaccurate. You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom. Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case. This would unfairly and adversely impact the judicial process. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result, which would require the entire trial process to start over.

## UNANIMOUS VERDICT (8.03)

(1)    Your verdict, whether it is guilty or not guilty, must be unanimous as to each count.

(2)    To find a defendant guilty of a particular count, every one of you must agree that the government has overcome the presumption of innocence with evidence that proves his guilt beyond a reasonable doubt.

(3)    To find a defendant not guilty of a particular count, every one of you must agree that the government has failed to convince you beyond a reasonable doubt.

(4)    Either way, guilty or not guilty, your verdict must be unanimous as to each count.

## DUTY TO DELIBERATE (8.04)

(1) Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room. In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say. Try your best to work out your differences. Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

(2) But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that--your own vote. It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

(3) No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say. So you should all feel free to speak your minds.

(4) Listen carefully to what the other jurors have to say, and then decide for yourself if the government has proved the defendant guilty beyond a reasonable doubt.

## PUNISHMENT (8.05)

(1) If you decide that the government has proved the defendant guilty, then it will be my job to decide what the appropriate punishment should be.

(2) Deciding what the punishment should be is my job, not yours. It would violate your oaths as jurors to even consider the possible punishment in deciding your verdict.

(3) Your job is to look at the evidence and decide if the government has proved the defendant guilty beyond a reasonable doubt.

## VERDICT FORM (8.06)

(1)    I have prepared a verdict form that you should use to record your verdict. The form reads as follows:

(2)    If you decide that the government has proved a charge against each defendant beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form. If you decide that the government has not proved a charge against him beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form. Your foreperson should then sign the form, put the date on it, and return it to me.

**VERDICT LIMITED TO CHARGES AGAINST EACH DEFENDANT (8.08)**

(1) Remember that the defendants are only on trial for the particular crimes charged in the Third Superseding Indictment. Your job is limited to deciding whether the government has proved the crimes charged.

(2) Also remember that whether anyone else should be prosecuted and convicted for this crime is not a proper matter for you to consider.  The possible guilt of others is no defense to a criminal charge. Your job is to decide if the government has proved each defendant guilty.  Do not let the possible guilt of others influence your decision in any way.

## COURT HAS NO OPINION (8.09)

Let me finish up by repeating something that I said to you earlier. Nothing that I have said or done during this trial was meant to influence your decision in any way. You decide for yourselves if the government has proved the defendant guilty beyond a reasonable doubt.

## JUROR NOTES (8.10)

(1) Remember that if you elected to take notes during the trial, your notes should be used only as memory aids. You should not give your notes greater weight than your independent recollection of the evidence. You should rely upon your own independent recollection of the evidence or lack of evidence and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any more weight than the memory or impression of each juror.

(2) Whether you took notes or not, each of you must form and express your own opinion as to the facts of the case.