UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

- - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

Plaintiff,

v.

MYKAEL LEE BOOKER,

Defendant.

_____/

No. 1:20-cr-189

Hon. Jane M. Beckering
U.S. District Judge

PLEA AGREEMENT

This constitutes the plea agreement between Mykael Lee Booker and the United States Attorney's Office for the Western District of Michigan.   The terms of the agreement are as follows:

1.    Defendant Agrees to Plead Guilty.    Defendant agrees to plead guilty to Count 2 of the Third Superseding Indictment.   Count 2 charges Defendant with Possession with Intent to Distribute Cocaine Base, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B)(ii), and 841(b)(1)(C).

2.    Defendant Understands the Crimes.    For Defendant to be guilty of Count 2, the following must be true:

> First:    Defendant knowingly possessed a mixture or substance containing a detectable amount of cocaine base; and
>
> Second:    Defendant intended to distribute the controlled substances.

Defendant is pleading guilty because Defendant is guilty of this offense.

3.     <u>Defendant Understands the Penalties</u>.     The statutory maximum sentence that the Court can impose for Count 2 is the following:

       a.    Not more than 20 years' imprisonment;
       b.    At least 3 years' and up to lifetime supervised release;
       c.    A fine of up to $1,000,000; and
       d.    Mandatory special assessment: $100

Defendant agrees to pay the special assessment at or before the time of sentencing unless Defendant affirmatively demonstrates to the Court that he lacks the ability to pay.

4.     <u>Supervised Release.</u>     Supervised release is a period of time following imprisonment during which Defendant will be subject to various restrictions and requirements.  Defendant understands that if he violates one or more of the conditions of any supervised release imposed, he may be returned to prison for all or part of the term of supervised release, which could result in Defendant serving a total term of imprisonment greater than the statutory maximum stated above.

5.     <u>Sentencing Guidelines</u>.     Defendant understands that, although the United States Sentencing Guidelines (the "Guidelines") are not mandatory, the Court must consult the Guidelines and take them into account when sentencing Defendant. Defendant understands that the Court, with the aid of the presentence report, will determine the facts and calculations relevant to sentencing.   Defendant understands that he and his attorney will have the opportunity to review the presentence report

and make objections, suggestions, and recommendations concerning the calculation of the Guideline range and the sentence to be imposed.    Defendant further understands that the Court shall make the final determination of the Guideline range that applies in this case, and may impose a sentence within, above, or below the Guideline range, subject to the statutory maximum and minimum penalties described elsewhere in this agreement.    Defendant further understands that disagreement with the Guideline range or sentence shall not constitute a basis for withdrawal of the plea.

     6.    <u>Factual Basis of Guilt</u>.    Defendant and the U.S. Attorney's Office agree and stipulate to the following statement of facts which need not be proven at the time of the plea:

> On November 22, 2020, Defendant saw investigators outside of his apartment in Kent County. Police obtained and executed a search warrant for the apartment later that afternoon. They found approximately 7.6 grams of cocaine base (crack cocaine) on the kitchen table.  Defendant knew about the cocaine base and had the ability to access and control it. He knew that it was a controlled substance. He planned to sell a significant portion of the cocaine base to another person in exchange for money.

     7.    <u>Asset Forfeiture</u>

     a.    *Possession with Intent to Distribute Cocaine Base (Count 2, Third Superseding Indictment)*.    Defendant agrees to fully cooperate with the federal government in the seizure and forfeiture of assets under Title 21, United States Code, Sections 853 and 881, which include any property constituting, or derived from, any

proceeds obtained, directly or indirectly, as the result of drug trafficking, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of drug trafficking. Specifically, Defendant agrees to forfeit $1575.00 U.S. currency found in his residence on November 22, 2020, to the United States, which constitutes proceeds that were derived from, or facilitated the drug-trafficking offense of conviction, and Defendant consents to the entry of a preliminary order of forfeiture concerning this property at or before the time of sentencing.

b.    *Felon in Possession of Ammunition (Count 3, Superseding Indictment).* Defendant further agrees to fully cooperate with the federal government in the seizure and forfeiture of assets under Title 18, United States Code, Section 924(d), and Title 28, United States Code, Section 2461(c), which include any firearm or ammunition involved in or used in any knowing violation under Title 18, United States Code, Section 922(g)(1). Specifically, Defendant agrees to forfeit to the United States eight rounds of .45 caliber Winchester ammunition, which were involved in and used in Defendant's knowing violation of Title 18, United States Code, Sections 922(g)(1) as charged in Count 3 of the Superseding Indictment. Defendant admits that the ammunition described above is subject to forfeiture pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c). Defendant consents to the entry of a preliminary order of forfeiture concerning this property at or before the time of sentencing.

c.    Defendant also agrees not to assist any other individual in contesting

4

the forfeiture of the assets described above in any type of subsequent administrative, civil, or criminal forfeiture proceeding.  Defendant further agrees to cooperate with the federal government in any type of subsequent administrative, civil, or criminal forfeiture proceeding. Defendant also agrees to prevent the disbursement of any and all assets subject to this forfeiture provision if said disbursements are within Defendant's direct or indirect control.

        8.    <u>The United States Attorney's Office Agrees</u>.

        a.    At the time of sentencing, the U.S. Attorney's Office agrees to move to dismiss all remaining counts from the Superseding Indictment, Second Superseding Indictment, and Third Superseding Indictment against Defendant. However, Defendant acknowledges he has already been convicted by his own guilty pleas of Count 1 (conspiracy to distribute and possess with intent to distribute 500 grams or more of cocaine) and Count 3 (felon in possession of ammunition) from the Superseding Indictment. Defendant acknowledges that these charges will not be dismissed. Defendant agrees, however, that in determining the sentence the Court may consider all counts of conviction and the dismissed counts in determining the applicable Sentencing Guidelines range, where the sentence should fall within the applicable guidelines range, and the propriety of any departure from the calculated guidelines range.  By this agreement the Defendant does not concede that an increased sentence or an upward departure is, in fact, warranted.

b.    The U.S. Attorney's Office agrees not to oppose Defendant's request for a two-level reduction of his offense level for acceptance of responsibility under §3E1.1(a) of the Sentencing Guidelines. However, the U.S. Attorney's Office reserves the right to object to Defendant's request if it subsequently learns of conduct by Defendant that is inconsistent with the criteria set forth in the Commentary to Section 3E1.1.   Should the Court grant a two-level reduction as provided herein, the Government states that Defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying it of his intention to enter a guilty plea, thereby permitting the Government to avoid preparing for trial, and hereby moves the Court to grant an additional one-level reduction if the adjusted offense level is 16 or greater.

9.    There is No Agreement about the Final Sentencing Guidelines Range.

Defendant and the U.S. Attorney's Office have no agreement as to the applicable Sentencing Guidelines factors or the appropriate guideline range.   Both parties reserve the right to seek any sentence within the statutory maximum, and to argue for any criminal history category and score, offense level, specific offense characteristics, adjustments and departures.

10.    Waiver of Constitutional Rights.    By pleading guilty, Defendant gives up the right to persist in a plea of not guilty and the right to a speedy and public trial by jury or by the Court.   As a result of Defendant's guilty plea, there will be no

trial.  At any trial, whether by jury or by the Court, Defendant would have had the following rights:

      a.    The right to the assistance of counsel, including, if Defendant could not afford an attorney, the right to have the Court appoint an attorney to represent Defendant.

      b.    The right to be presumed innocent and to have the burden of proof placed on the Government to prove Defendant guilty beyond a reasonable doubt.

      c.    The right to confront and cross-examine witnesses against Defendant.

      d.    The right, if Defendant wished, to testify on Defendant's own behalf and present evidence in opposition to the charges, including the right to call witnesses and to subpoena those witnesses to testify.

      e.    The right not to be compelled to testify, and, if Defendant chose not to testify or present evidence, to have that choice not be used against Defendant.

      f.    By pleading guilty, Defendant also gives up any and all rights to pursue in this Court or on appeal any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

11.    <u>Waiver of Other Rights</u>.

a.    <u>Waiver</u>.   In exchange for the promises made by the government
in entering this plea agreement, Defendant waives all rights to appeal or collaterally
attack Defendant's conviction, sentence, or any other matter relating to this
prosecution, except as listed below.

b.    <u>Exceptions</u>.   Defendant may appeal or seek collateral relief to
raise a claim, if otherwise permitted by law in such a proceeding, on the following
grounds:

i.    Defendant's sentence on any count of conviction exceeded the
statutory maximum for that count;

ii.    Defendant's sentence was based on an unconstitutional factor,
such as race, religion, national origin, or gender;

iii.    The district court incorrectly determined the Sentencing
Guidelines range, if Defendant objected at sentencing on that
basis;

iv.    Defendant's sentence is above the Sentencing Guidelines range
as determined by the court at sentencing and is unreasonable;

v.    The guilty plea was involuntary or unknowing;

vi.    An attorney who represented Defendant during the course of this
criminal case provided ineffective assistance of counsel.

If Defendant appeals or seeks collateral relief, Defendant may not present
any issue in the proceeding other than those described in this subparagraph.

12.  <u>FOIA Requests.</u>    Defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

13.  <u>The Court is not a Party to this Agreement</u>.    Defendant understands that the Court is not a party to this agreement and is under no obligation to accept any recommendation by the U.S. Attorney's Office or the parties regarding the sentence to be imposed.  Defendant further understands that, even if the Court ignores such a recommendation or imposes any sentence up to the maximum established by statute, Defendant cannot, for that reason, withdraw his guilty plea, and he will remain bound to fulfill all his obligations under this agreement. Defendant understands that no one – not the prosecutor, Defendant's attorney, or the Court –  can make a binding prediction or promise regarding the sentence Defendant will receive, except that it will be within the statutory minimum and maximum.

14.  <u>This Agreement is Limited to the Parties</u>.    This agreement is limited to the U.S. Attorney's Office for the Western District of Michigan, and cannot bind any other federal, state or local prosecuting, administrative or regulatory authority. This agreement applies only to crimes committed by Defendant.  This agreement does not apply to or preclude any past, present, or future forfeiture or civil actions.

9

15.    <u>Consequences of Breach</u>.    If Defendant breaches any provision of this agreement, whether before or after sentencing, the United States shall have the right to terminate this agreement or deny any or all benefits to which Defendant would otherwise be entitled under the terms of this agreement.   In the event that the United States elects to terminate this agreement, the agreement shall be considered null and void, and the parties shall return to the same position they were in prior to the execution of this agreement, as though no agreement ever existed.   In such an event, Defendant shall remain liable for prosecution on all original charges, and the United States shall be free to bring such additional charges as the law and facts warrant.   Defendant further agrees to waive and forever give up his right to raise any claim that such a prosecution is time-barred if the prosecution is brought within one (1) year of the breach that gives rise to the termination of this agreement.

16.    <u>This is the Complete Agreement</u>.    This agreement has been entered into by both sides freely, knowingly, and voluntarily, and it incorporates the complete understanding between the parties.   No other promises have been made, nor may any additional agreements, understandings or conditions be entered into unless in a writing signed by all parties or on the record in open court.

ANDREW BYERLY BIRGE
United States Attorney


March 24, 2022
Date

AUSTIN J. HAKES
ERIN K. LANE
Assistant United States Attorneys

10

I have read this agreement and carefully discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. My attorney has advised me of my rights, of possible defenses, of the sentencing provisions, and of the consequences of entering into this agreement. No promises or inducements have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

3-24-22
Date

MYKAEL LEE BOOKER
Defendant

I am Mykael Lee Booker's attorney. I have carefully discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible defenses, of the sentencing provisions, and of the consequences of entering into this agreement. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

3·24·2022
Date

HELEN NIEUWENHUIS
Attorney for Defendant

11