10:40AM

```
 1              IN THE UNITED STATES DISTRICT COURT
                FOR THE WESTERN DISTRICT OF MICHIGAN
 2                        SOUTHERN DIVISION


 3

 4     UNITED STATES OF AMERICA,

 5                    Plaintiff,

 6     vs.                             Case No.  1:20-cr-189-4
                                       Hon. Jane M. Beckering
 7     MYKAEL LEE BOOKER,

 8                    Defendant.
       _____/
 9
                       CHANGE OF PLEA HEARING
10
         BEFORE THE HONORABLE JANE M. BECKERING, U.S. DISTRICT JUDGE
11
              GRAND RAPIDS, MICHIGAN - FRIDAY, MARCH 25, 2022
12


13
       APPEARANCES:
14
       For the Plaintiff:   AUSTIN JACOB HAKES
15                          Assistant U.S. Attorney
                            330 Ionia Avenue, NW
16                          Suite 501
                            Grand Rapids, MI 49503
17                          (616) 456-2404

18     For the Defendant:   HELEN C. NIEUWENHUIS
                            Federal Public Defender Office
19                          50 Louis Street NW, Suite 300
                            Grand Rapids, MI 49503-2633
20                          (616) 742-7420

21     ALSO PRESENT:        MYKAEL LEE BOOKER, Defendant

22

23     REPORTED BY:         MELINDA I. DEXTER, CSR-4629, RMR, CRR
                            U.S. District Official Court Reporter
24                          602 Federal Building
                            110 Michigan St., NW
25                          Grand Rapids, MI 49503
```

| | | |
|---|---|---|
| 10:59AM | 1 | Grand Rapids, Michigan |
| | 2 | Friday, March 25, 2022 |
| 10:59AM | 3 | 10:59 a.m. |
| 10:59AM | 4 | THE CLERK:  All rise, please. |
| 10:59AM | 5 | The United States District Court for the Western |
| | 6 | District of Michigan, the Honorable Jane M. Beckering, United |
| | 7 | States District Judge, presiding. |
| | 8 | All persons having business before this court draw |
| | 9 | near, give attention, and you shall be heard.  God save these |
| | 10 | United States and this Honorable Court. |
| 10:59AM | 11 | This court is now in session.  Please be seated. |
| 10:59AM | 12 | THE COURT:  Good morning, everyone. |
| 10:59AM | 13 | MR. HAKES:  Morning, Your Honor. |
| 10:59AM | 14 | MS. NIEUWENHUIS:  Morning. |
| 10:59AM | 15 | THE COURT:  This is the date and time for a hearing |
| 10:59AM | 16 | on a change of plea in the matter of the United States of |
| 11:00AM | 17 | America versus Mykael Lee Booker. |
| 11:00AM | 18 | May I have the appearances of counsel and |
| 11:00AM | 19 | introductions, please. |
| 11:00AM | 20 | MR. HAKES:  Good morning, Your Honor.  Austin Hakes |
| 11:00AM | 21 | on behalf of the United States. |
| 11:00AM | 22 | THE COURT:  Morning. |
| 11:00AM | 23 | MS. NIEUWENHUIS:  And Helen Nieuwenhuis on behalf of |
| 11:00AM | 24 | Mr. Booker, Your Honor, and Mr. Booker actually does pronounce |
| 11:00AM | 25 | his name Michael. |

| | | |
|---|---|---|
| 11:00AM | 1 | THE COURT:  Michael.  Thank you.  I was going to ask |
| 11:00AM | 2 | at the beginning. |
| 11:00AM | 3 | Mr. Booker, nice to meet you. |
| 11:00AM | 4 | THE DEFENDANT:  Nice to meet you too. |
| 11:00AM | 5 | THE COURT:  It's my understanding -- and we'll talk |
| 11:00AM | 6 | about the background here -- Mr. Booker stands guilty by way |
| 11:00AM | 7 | of a guilty plea to Count 1 of the Superseding Indictment, |
| 11:00AM | 8 | which is a conspiracy to distribute and possess with intent to |
| 11:00AM | 9 | distribute 500 grams or more of cocaine, as well as Count 3, |
| 11:00AM | 10 | which is felon in possession of ammunition, and that's ECF 44. |
| 11:00AM | 11 | Today he stands accused in the Third Superseding |
| 11:00AM | 12 | Indictment to Count 2, which is possession with intent to |
| 11:00AM | 13 | distribute cocaine base, and Count 3, which is possession of a |
| 11:01AM | 14 | firearm in furtherance of drug trafficking. |
| 11:01AM | 15 | Trial is currently scheduled to begin on Tuesday, |
| 11:01AM | 16 | April 12th, and my understanding is that Mr. Booker and the |
| 11:01AM | 17 | Government, and I've read the written plea agreement, have |
| 11:01AM | 18 | entered into that plea.  And Mr. Booker would like to enter |
| 11:01AM | 19 | into a plea of guilty to Count 2 today. |
| 11:01AM | 20 | Is that correct? |
| 11:01AM | 21 | MS. NIEUWENHUIS:  That is correct, Your Honor. |
| 11:01AM | 22 | THE COURT:  All right. |
| 11:01AM | 23 | Mr. Booker, are you ready to proceed today? |
| 11:01AM | 24 | THE DEFENDANT:  Yes, ma'am. |
| 11:01AM | 25 | THE COURT:  All right.  Before I take your plea, I |

| | |
|---|---|
| 11:01AM | **1** |
| 11:01AM | **2** |
| 11:01AM | **3** |
| 11:01AM | **4** |
| 11:01AM | **5** |
| 11:01AM | **6** |
| 11:01AM | **7** |
| 11:01AM | **8** |
| 11:01AM | **9** |
| 11:01AM | **10** |
| 11:02AM | **11** |
| 11:02AM | **12** |
| 11:02AM | **13** |
| 11:02AM | **14** |
| 11:02AM | **15** |
| 11:02AM | **16** |
| 11:02AM | **17** |
| 11:02AM | **18** |
| 11:02AM | **19** |
| 11:02AM | **20** |
| 11:02AM | **21** |
| 11:02AM | **22** |
| 11:02AM | **23** |
| 11:02AM | **24** |
| 11:02AM | **25** |

need to make sure of two things:

One is that you are able to understand what I am saying.  I'm going to go through all of your rights, and I know that you have -- have a lot of things in the written plea agreement, but we're going to do that in open court today too --

THE DEFENDANT:  Okay.

THE COURT:  -- to make sure you understand me, and I want to make sure that you are of the right frame of mind today that you are making a decision about this case and its significant impact on you and your life and that you feel ready to make that decision today.

Do you understand?

THE DEFENDANT:  Yes, ma'am.

THE COURT:  If you decide to plead guilty, the first right that you are going to give up is your right to remain silent and to not have that silence used against you.  You are going to be placed under oath, and you'll be asked questions, including what makes you believe that you are guilty of the charged offense.  You'll be subject to the rules of perjury should anything that you say today not be true.

Do you understand that?

THE DEFENDANT:  Yes, ma'am.

THE COURT:  All right.  Do you still wish to proceed?

THE DEFENDANT:  Yes, ma'am.

| | | |
|---|---|---|
| 11:02AM | 1 | THE COURT:  All right.  I'll ask Mr. Wolters to swear |
| 11:02AM | 2 | you in.  Would you stand and raise your right hand. |
| 11:02AM | 3 | THE CLERK:  Raise your right hand. |
| 11:02AM | 4 | *(MYKAEL LEE BOOKER, DEFENDANT, WAS DULY SWORN)* |
| 11:02AM | 5 | THE DEFENDANT:  Yes, sir. |
| 11:02AM | 6 | THE CLERK:  Thank you.  Please be seated. |
| 11:03AM | 7 | THE COURT:  Could you state your full name for the |
| 11:03AM | 8 | record. |
| 11:03AM | 9 | THE DEFENDANT:  My name is Mykael Lee Booker. |
| 11:03AM | 10 | THE COURT:  And could you speak up because I'm not |
| 11:03AM | 11 | the best of hearing myself. |
| 11:03AM | 12 | THE DEFENDANT:  Can you hear me? |
| 11:03AM | 13 | THE COURT:  I can. |
| 11:03AM | 14 | THE DEFENDANT:  My name is Mykael Lee Booker. |
| 11:03AM | 15 | THE COURT:  Thank you.  Where were you born, |
| 11:03AM | 16 | Mr. Booker? |
| 11:03AM | 17 | THE DEFENDANT:  Grand Rapids, Michigan. |
| 11:03AM | 18 | THE COURT:  And are you -- you were born in America, |
| 11:03AM | 19 | and you are an American citizen? |
| 11:03AM | 20 | THE DEFENDANT:  Yes, ma'am. |
| 11:03AM | 21 | THE COURT:  How far did you go in school? |
| 11:03AM | 22 | THE DEFENDANT:  Partial first year of college. |
| 11:03AM | 23 | THE COURT:  Partial first year of college? |
| 11:03AM | 24 | THE DEFENDANT:  Right. |
| 11:03AM | 25 | THE COURT:  So you can read and write and understand |

| | | |
|---|---|---|
| 11:03AM | 1 | the English language well? |
| 11:03AM | 2 | THE DEFENDANT:  Yes, ma'am. |
| 11:03AM | 3 | THE COURT:  Do you have any mental, physical, or |
| 11:03AM | 4 | emotional issues that would make it difficult for you to |
| 11:03AM | 5 | understand what is going on in court today? |
| 11:03AM | 6 | THE DEFENDANT:  No, ma'am. |
| 11:03AM | 7 | THE COURT:  Do you have any medications, or have you |
| 11:03AM | 8 | had any drugs or alcohol in the past 24 hours? |
| 11:03AM | 9 | THE DEFENDANT:  No, ma'am. |
| 11:03AM | 10 | THE COURT:  Is anything causing you to be sleepy or |
| 11:04AM | 11 | drowsy or that will prevent you from understanding? |
| 11:04AM | 12 | THE DEFENDANT:  No, ma'am. |
| 11:04AM | 13 | THE COURT:  Ms. Nieuwenhuis, do you believe that your |
| 11:04AM | 14 | client is competent to proceed? |
| 11:04AM | 15 | MS. NIEUWENHUIS:  I do, Your Honor. |
| 11:04AM | 16 | THE COURT:  And do either counsel have any indication |
| 11:04AM | 17 | or any reason that it is not appropriate for us to proceed |
| 11:04AM | 18 | with a plea today? |
| 11:04AM | 19 | MR. HAKES:  Nothing from the Government on that |
| 11:04AM | 20 | matter. |
| 11:04AM | 21 | MS. NIEUWENHUIS:  No, Your Honor. |
| 11:04AM | 22 | THE COURT:  All right. |
| 11:04AM | 23 | Mr. Booker, you have been represented by |
| 11:04AM | 24 | Ms. Nieuwenhuis.  You know that you have a right to counsel |
| 11:04AM | 25 | now, and were you to take it to trial, you'd have a right to |

11:04AM  **1**    an attorney throughout that entire process, correct?

11:04AM  **2**         THE DEFENDANT:  Yes, ma'am.

11:04AM  **3**         THE COURT:  Even if you were to lose an appeal,

11:04AM  **4**    right?

11:04AM  **5**         THE DEFENDANT:  Yes, ma'am.

11:04AM  **6**         THE COURT:  All right.  Are you satisfied with

11:04AM  **7**    Ms. Nieuwenhuis's representation so far?

11:04AM  **8**         THE DEFENDANT:  Yes, ma'am.

11:04AM  **9**         THE COURT:  And you've had a chance to read the

11:04AM  **10**   written plea agreement with her and you fully understand what

11:04AM  **11**   that entails?

11:04AM  **12**        THE DEFENDANT:  Yes, ma'am.

11:04AM  **13**        THE COURT:  Okay.  And she's answered any and all

11:05AM  **14**   questions you have to your satisfaction?

11:05AM  **15**        THE DEFENDANT:  Yes.

11:05AM  **16**        THE COURT:  Great.  I want to talk about the

11:05AM  **17**   Indictment and the elements and the maximum penalties.  We'll

11:05AM  **18**   talk about sentencing.  We'll talk about the plea agreement

11:05AM  **19**   and -- to make sure that you understand all of that before I

11:05AM  **20**   then take your plea.  So let's start with the Indictment.

11:05AM  **21**        You've read that Third Superseding Indictment,

11:05AM  **22**   correct?

11:05AM  **23**        THE DEFENDANT:  Yes.

11:05AM  **24**        THE COURT:  And do you waive -- you have a right to

11:05AM  **25**   an open reading of that which you would make a plea at.  Do

| | | |
|---|---|---|
| 11:05AM | 1 | you agree to waive that today? |
| 11:05AM | 2 | THE DEFENDANT:  Yes, ma'am. |
| 11:05AM | 3 | THE COURT:  All right.  What we'll do is summarize |
| 11:05AM | 4 | that.  All right.  Let's see here. |
| 11:05AM | 5 | Mr. Hakes, let's talk about what we're facing here, a |
| 11:05AM | 6 | taking of a plea to Count 2.  Would you summarize the factual |
| 11:05AM | 7 | basis.  I know you probably have that from the written plea |
| 11:05AM | 8 | agreement.  There is a paragraph there. |
| 11:06AM | 9 | MR. HAKES:  I do, Your Honor.  It's reflected in |
| 11:06AM | 10 | paragraph 6 of the written plea agreement, but I can explain, |
| 11:06AM | 11 | you know, if Mr. Booker were to proceed to trial on this |
| 11:06AM | 12 | count, the Government would present proofs as follows: |
| 11:06AM | 13 | On or about November 22, 2020, law enforcement |
| 11:06AM | 14 | partners in this case, to include people working in |
| 11:06AM | 15 | conjunction with the Drug Enforcement Administration, executed |
| 11:06AM | 16 | a federal search warrant at an apartment in Kentwood, |
| 11:06AM | 17 | Michigan.  Mr. Booker was found inside that apartment located |
| 11:06AM | 18 | on a Wingate Avenue, and inside there were multiple pieces of |
| 11:06AM | 19 | evidence indicative of drug trafficking, to include digital |
| 11:06AM | 20 | scales, and, perhaps most importantly, approximately 7.6 grams |
| 11:06AM | 21 | of cocaine base on the kitchen table. |
| 11:06AM | 22 | We would also bring forth the testimony of a drug |
| 11:06AM | 23 | trafficking expert to explain that 7.6 grams of cocaine base |
| 11:06AM | 24 | is more than a single use dose of cocaine base and is |
| 11:06AM | 25 | indicative of an intent to distribute to other people. |

11:07AM  **1**        Besides the evidence that was collected on that date,

11:07AM  **2**   there would be evidence in the form of wire intercepted calls

11:07AM  **3**   in which Mr. Booker is overheard discussing what appears to be

11:07AM  **4**   trafficking in cocaine with other members of a conspiracy.

11:07AM  **5**   That would also be an additional basis of the intent to

11:07AM  **6**   distribute element of this offense.  And I think that would be

11:07AM  **7**   the facts that the Government would prove in this case if it

11:07AM  **8**   were to proceed to trial.

11:07AM  **9**        THE COURT:  All right.  And would you also identify

11:07AM  **10**  the elements of the offense for Count 2.

11:07AM  **11**       MR. HAKES:  Certainly, Your Honor.  So there are two

11:07AM  **12**  elements in possession with intent to distribute a controlled

11:07AM  **13**  substance.  In this case, the controlled substance alleged is

11:07AM  **14**  cocaine base, also known as crack cocaine.

11:07AM  **15**       To be guilty of this offense, the following must be

11:07AM  **16**  true:  First, the Defendant must have knowingly possessed a

11:07AM  **17**  mixture containing a detectible amount of cocaine base; and,

11:07AM  **18**  second, the Defendant must have intended to distribute the

11:07AM  **19**  controlled substances.

11:07AM  **20**       THE COURT:  Thank you.

11:07AM  **21**       With regard to Count 2, which is an offense under 21

11:08AM  **22**  U.S.C. 841 (a)(1) and (b)(1)(c), the maximum penalty is not

11:08AM  **23**  more than 20 years' imprisonment and a $1 million fine.  As

11:08AM  **24**  well, not less than three years and up to life of supervised

11:08AM  **25**  release and a mandatory special assessment of $100.

11:08AM  1          Mr. Hakes, is it my understanding there are no

11:08AM  2   mandatory minimums, correct?

11:08AM  3          MR. HAKES:  That's correct.  There are none

11:08AM  4   associated with this count, Your Honor.

11:08AM  5          THE COURT:  And that the sentences would be

11:08AM  6   concurrent?

11:08AM  7          MR. HAKES:  It would be up to the Court's discretion.

11:08AM  8   There is no requirement that it be run consecutive,

11:08AM  9   Your Honor.

11:08AM  10         THE COURT:  Okay.  Thank you.

11:08AM  11         And I understand there is also some forfeiture

11:08AM  12  agreement about forfeiture as well.  Is that true?

11:08AM  13         MR. HAKES:  Yes.  And they are reflected in the

11:08AM  14  written plea agreement in this case, Your Honor.

11:08AM  15         THE COURT:  All right.  I know he -- at this point

11:08AM  16  there is forfeiture allegations as with regard to all existing

11:08AM  17  counts.

11:08AM  18         Any questions at this point, Mr. Booker, about the

11:09AM  19  Indictment and the maximum penalties?

11:09AM  20         THE DEFENDANT:  No, ma'am.

11:09AM  21         THE COURT:  All right.  Per the Sentencing Reform Act

11:09AM  22  of 1984, the U.S. Sentencing Commission issued advisory

11:09AM  23  guidelines, including a very thick manual for judges to

11:09AM  24  consult when determining a sentence.

11:09AM  25         Mr. Booker, have you been convicted in federal court

| | | |
|---|---|---|
| 11:09AM | 1 | before? |
| 11:09AM | 2 | THE DEFENDANT:  No, ma'am.  I haven't. |
| 11:09AM | 3 | THE COURT:  All right.  Have you been convicted in |
| 11:09AM | 4 | state court before? |
| 11:09AM | 5 | THE DEFENDANT:  Yes. |
| 11:09AM | 6 | THE COURT:  All right.  The mandatory -- there are no |
| 11:09AM | 7 | more mandatory sentencing guidelines in either actually |
| 11:09AM | 8 | Michigan or the federal court.  The courts must calculate the |
| 11:09AM | 9 | guidelines and they must take those guidelines into account, |
| 11:09AM | 10 | but they are not bound by those guidelines.  They're bound to |
| 11:09AM | 11 | individually determine your sentence with those considerations |
| 11:09AM | 12 | in mind. |
| 11:10AM | 13 | Have you had a chance to talk with your lawyer about |
| 11:10AM | 14 | the U.S. sentencing guidelines?  Do you have a general |
| 11:10AM | 15 | understanding of how they work? |
| 11:10AM | 16 | THE DEFENDANT:  Yes. |
| 11:10AM | 17 | THE COURT:  You understand that if you plead guilty, |
| 11:10AM | 18 | the probation department will have someone who will thoroughly |
| 11:10AM | 19 | evaluate your history, your prior criminal record, other |
| 11:10AM | 20 | circumstances of you and the offense at issue, and they |
| 11:10AM | 21 | provide us with a very detailed report.  They also calculate |
| 11:10AM | 22 | what they believe to be the guidelines. |
| 11:10AM | 23 | Do you understand that to be the case? |
| 11:10AM | 24 | THE DEFENDANT:  Yes, ma'am. |
| 11:10AM | 25 | THE COURT:  And you understand it is the Court's |

11:10AM  **1**  obligation, then, to determine what the scoring is, which may

11:10AM  **2**  or may not be in accord with what the probation agent believes

11:10AM  **3**  those scores to be.

11:10AM  **4**          THE DEFENDANT:  Yes, ma'am, I do.

11:10AM  **5**          THE COURT:  You understand that at this point, you

11:10AM  **6**  may have estimated what those guidelines are, but we do not

11:10AM  **7**  know what they are until we get that report.

11:10AM  **8**          You understand that?

11:10AM  **9**          THE DEFENDANT:  Yes, ma'am.

11:10AM  **10**          THE COURT:  You also understand that you will play a

11:11AM  **11**  role in participating in the preparation of that probation

11:11AM  **12**  report.  If there is anything that you feel is inaccurate or

11:11AM  **13**  incomplete, you can contribute to that process.

11:11AM  **14**          THE DEFENDANT:  Yes, ma'am, I do.

11:11AM  **15**          THE COURT:  And you also have an opportunity to

11:11AM  **16**  object to anything that you find is inaccurate.  So I will not

11:11AM  **17**  calculate those guidelines until both the U.S. Attorney, the

11:11AM  **18**  Government, and your -- your attorney have an opportunity to

11:11AM  **19**  review that and lodge any objections.

11:11AM  **20**          Do you understand that?

11:11AM  **21**          THE DEFENDANT:  Yes, ma'am.

11:11AM  **22**          THE COURT:  After the guidelines are calculated, the

11:11AM  **23**  Court is also obligated to evaluate a proper sentence for you

11:11AM  **24**  under what is called -- it's 18 U.S.C. 3553(a) factors.

11:11AM  **25**          You understand that?

| | | |
|---|---|---|
| 11:11AM | 1 | THE DEFENDANT:  Yes, ma'am, I do. |
| 11:11AM | 2 | THE COURT:  So when you and I meet probably three |
| 11:12AM | 3 | months from now, we will talk about your particular |
| 11:12AM | 4 | circumstance, and I will be evaluating your sentence and |
| 11:12AM | 5 | making a determination based on several factors, including the |
| 11:12AM | 6 | nature of the offense, the circumstances of you, the offender. |
| 11:12AM | 7 | I need to take into account in my decision-making the |
| 11:12AM | 8 | seriousness of the offense, I have to promote respect for the |
| 11:12AM | 9 | law, and I have to provide just punishment.  The sentence must |
| 11:12AM | 10 | provide deterrence to you and to others to avoid committing |
| 11:12AM | 11 | crimes of this nature going forward. |
| 11:12AM | 12 | I also consider the need to provide you with |
| 11:12AM | 13 | educational or vocational and correctional treatment for |
| 11:12AM | 14 | remediation efforts.  I need to consider the kinds of |
| 11:12AM | 15 | sentencing's available based on where you fall in the |
| 11:12AM | 16 | guidelines scoring.  I need to avoid unwarranting [sic] |
| 11:13AM | 17 | sentencing disparities among similarly situated Defendants. |
| 11:13AM | 18 | We try to be as equal as possible under the law. |
| 11:13AM | 19 | I may also consider variance requests, including by |
| 11:13AM | 20 | your counsel, to go above or below the guidelines, and we will |
| 11:13AM | 21 | talk about those at the time. |
| 11:13AM | 22 | Do you understand the idea of the departures and the |
| 11:13AM | 23 | variance? |
| 11:13AM | 24 | THE DEFENDANT:  Yes.  Yes, ma'am, I do. |
| 11:13AM | 25 | THE COURT:  Okay.  Great.  You understand I have the |

| | | |
|---|---|---|
| 11:13AM | 1 | authority to go above the guidelines range? |
| 11:13AM | 2 | THE DEFENDANT:  Yes, ma'am. |
| 11:13AM | 3 | THE COURT:  And below it, correct? |
| 11:13AM | 4 | THE DEFENDANT:  Yes, ma'am. |
| 11:13AM | 5 | THE COURT:  You understand that whatever sentence I |
| 11:13AM | 6 | impose, if you don't agree to it, you don't have an |
| 11:13AM | 7 | opportunity to withdraw your plea. |
| 11:13AM | 8 | You understand that? |
| 11:13AM | 9 | THE DEFENDANT:  Yes, ma'am. |
| 11:13AM | 10 | THE COURT:  Has anyone made you any promises about |
| 11:13AM | 11 | what your sentence will be? |
| 11:13AM | 12 | THE DEFENDANT:  No, ma'am. |
| 11:13AM | 13 | THE COURT:  And do you understand Michigan, there is |
| 11:13AM | 14 | no parole? |
| 11:13AM | 15 | THE DEFENDANT:  Yes.  Yes, ma'am. |
| 11:13AM | 16 | THE COURT:  What we have is supervised release, and |
| 11:13AM | 17 | that is you will do the time to which you are sentenced with |
| 11:14AM | 18 | 15 percent credit.  Then you are placed on supervised release, |
| 11:14AM | 19 | which is the Court, through the probation department, |
| 11:14AM | 20 | supervising your conduct, and you are to follow certain |
| 11:14AM | 21 | requirements in that regard. |
| 11:14AM | 22 | THE DEFENDANT:  Yes, ma'am. |
| 11:14AM | 23 | THE COURT:  Do you understand that if you violate the |
| 11:14AM | 24 | terms of that supervised release, it is possible that through |
| 11:14AM | 25 | those violations, you would serve more time than the maximum |

11:14AM  **1**    sentence of the offense?

11:14AM  **2**            THE DEFENDANT:  Yes, ma'am, I do.

11:14AM  **3**            THE COURT:  You are currently detained, correct?

11:14AM  **4**            THE DEFENDANT:  Yes, ma'am.

11:14AM  **5**            THE COURT:  And you understand that --

11:14AM  **6**        Under the nature of the crime, is it currently he

11:14AM  **7**    will remain detained until sentencing?

11:14AM  **8**            MR. HAKES:  That's correct, Your Honor.

11:14AM  **9**            THE COURT:  All right.

11:14AM  **10**       We'll move on to other consequences of your plea

11:14AM  **11**   today.  If convicted of a felony, you may be deprived of

11:14AM  **12**   certain rights, including the right to vote, hold office,

11:14AM  **13**   serve on a jury, and possess firearms.

11:14AM  **14**       Do you understand that?

11:14AM  **15**           THE DEFENDANT:  Yes, ma'am.

11:14AM  **16**           THE COURT:  You are a U.S. citizen, but if you were

11:15AM  **17**   not, you could be removed from the country and denied reentry.

11:15AM  **18**       Do you understand that?

11:15AM  **19**           THE DEFENDANT:  Yes, ma'am, I do.

11:15AM  **20**           THE COURT:  You understand that if you are currently

11:15AM  **21**   on probation or parole in another case, that this could affect

11:15AM  **22**   your status in that regard?

11:15AM  **23**           THE DEFENDANT:  Yes, ma'am.

11:15AM  **24**           THE COURT:  Are you on parole anywhere else or

11:15AM  **25**   probation?

11:15AM   **1**         THE DEFENDANT:  I'm on probation for Kent County.

11:15AM   **2**         THE COURT:  Okay.  So that -- this may have

11:15AM   **3**   consequences.

11:15AM   **4**         You understand that?

11:15AM   **5**         THE DEFENDANT:  Yes.

11:15AM   **6**         THE COURT:  You understand all of the penalties so

11:15AM   **7**   far that we've discussed?

11:15AM   **8**         THE DEFENDANT:  Yes, ma'am, I do.

11:15AM   **9**         THE COURT:  I know you read your written plea

11:15AM   **10**  agreement, and you talked about the rights you'll be giving

11:15AM   **11**  up, but I want to read those in open court as well to make

11:15AM   **12**  sure that you understand that.

11:15AM   **13**        You have the following rights:  And that's to plead

11:15AM   **14**  not guilty and persist in that plea.

11:15AM   **15**        You understand that?

11:15AM   **16**        THE DEFENDANT:  Yes.

11:15AM   **17**        THE COURT:  You have the right to the presumption of

11:15AM   **18**  innocence until proven guilty.

11:15AM   **19**        You understand?

11:15AM   **20**        THE DEFENDANT:  Yes, ma'am.

11:15AM   **21**        THE COURT:  You have the right to a trial by jury

11:16AM   **22**  with the assistance of counsel and one to be appointed for you

11:16AM   **23**  if you cannot afford that.

11:16AM   **24**        You understand that?

11:16AM   **25**        THE DEFENDANT:  Yes, ma'am.

11:16AM **1**          THE COURT:  You have at least 30 days to prepare for

11:16AM **2**   trial from the date of your first appearance through counsel.

11:16AM **3**          Do you understand that?

11:16AM **4**          THE DEFENDANT:  Yes, ma'am.

11:16AM **5**          THE COURT:  And you have the right to confront and

11:16AM **6**   cross-examine witnesses against you.

11:16AM **7**          Do you understand that?

11:16AM **8**          THE DEFENDANT:  Yes, ma'am.

11:16AM **9**          THE COURT:  You also understand that you need not

11:16AM **10**  present any evidence in your defense.

11:16AM **11**         Do you understand?

11:16AM **12**         THE DEFENDANT:  Yes.  Yes, ma'am.

11:16AM **13**         THE COURT:  And you also may call witnesses on your

11:16AM **14**  behalf and compel their attendance.

11:16AM **15**         Do you understand that?

11:16AM **16**         THE DEFENDANT:  Yes, ma'am.

11:16AM **17**         THE COURT:  And as we talked about, you have the

11:16AM **18**  right to remain silent and not be compelled to incriminate

11:16AM **19**  yourself or the right to testify should you chose to do so.

11:16AM **20**         Understand?

11:16AM **21**         THE DEFENDANT:  Yes, ma'am.

11:16AM **22**         THE COURT:  And you ultimately have the right to hold

11:16AM **23**  the Government to its proofs beyond a reasonable doubt.

11:16AM **24**         Do you understand that?

11:16AM **25**         THE DEFENDANT:  Yes, ma'am.

| | | |
|---|---|---|
| 11:16AM | 1 | THE COURT:  If you plead guilty, there will be no |
| 11:17AM | 2 | trial, and you will give up all of those rights I just |
| 11:17AM | 3 | described. |
| 11:17AM | 4 | Do you understand? |
| 11:17AM | 5 | THE DEFENDANT:  Yes, ma'am. |
| 11:17AM | 6 | THE COURT:  And we'll talk about the plea agreement |
| 11:17AM | 7 | in a minute.  There are certain rights to appeal that you'll |
| 11:17AM | 8 | be giving up as well. |
| 11:17AM | 9 | Do you understand that? |
| 11:17AM | 10 | THE DEFENDANT:  Yes, ma'am, I do. |
| 11:17AM | 11 | THE COURT:  All right.  Let's talk about -- at this |
| 11:17AM | 12 | point I'm going to take your plea, and then we'll talk about |
| 11:17AM | 13 | some of the details of the plea agreement. |
| 11:17AM | 14 | So as to Count 2 of the Third Superseding Indictment, |
| 11:17AM | 15 | possession with intent to distribute cocaine base, Mr. Booker, |
| 11:17AM | 16 | how do you plead? |
| 11:17AM | 17 | THE DEFENDANT:  I plead guilty, Your Honor. |
| 11:17AM | 18 | THE COURT:  Is your plea the result of any force, |
| 11:17AM | 19 | threats, or promises apart from the plea agreement? |
| 11:17AM | 20 | THE DEFENDANT:  No, ma'am. |
| 11:17AM | 21 | THE COURT:  Is your decision to plead guilty |
| 11:17AM | 22 | voluntary and an act of free will? |
| 11:17AM | 23 | THE DEFENDANT:  Yes, ma'am. |
| 11:17AM | 24 | THE COURT:  Are you pleading guilty because you are, |
| 11:17AM | 25 | in fact, guilty of the offense set forth in Count 2 of the |

| | | |
|---|---|---|
| 11:17AM | 1 | Third Superseding Indictment? |
| 11:17AM | 2 | THE DEFENDANT: Yes, ma'am, I am. |
| 11:18AM | 3 | THE COURT: All right. Let's discuss the terms of |
| 11:18AM | 4 | the plea agreement. |
| 11:18AM | 5 | Mr. Hakes, could you describe pertinent portions of |
| 11:18AM | 6 | that plea agreement? |
| 11:18AM | 7 | MR. HAKES: Certainly, Your Honor. The first |
| 11:18AM | 8 | paragraph in the plea agreement relates the Defendant's |
| 11:18AM | 9 | promise to plead guilty to Count 2 of the Third Indictment, |
| 11:18AM | 10 | which he has just done moments ago. |
| 11:18AM | 11 | The second paragraph explains the elements of the |
| 11:18AM | 12 | offense. |
| 11:18AM | 13 | The third paragraph outlines the maximum penalties. |
| 11:18AM | 14 | Those elements and penalties are the same as have been relayed |
| 11:18AM | 15 | to Mr. Booker here today in court. |
| 11:18AM | 16 | Chapter 4 defines supervised release again with the |
| 11:18AM | 17 | information that Mr. Booker has been provided here today, and |
| 11:18AM | 18 | paragraph 5 discusses the sentencing guidelines. |
| 11:18AM | 19 | Paragraph 6 describes a factual basis of Mr. Booker's |
| 11:18AM | 20 | guilt, and paragraph 7 discusses asset forfeiture both in |
| 11:18AM | 21 | pertaining to his previous offenses of conviction arising from |
| 11:18AM | 22 | the Superseding Indictment in this case, as well as his |
| 11:19AM | 23 | offense of conviction of Count 2 of the Third Superseding |
| 11:19AM | 24 | Indictment here. |
| 11:19AM | 25 | Paragraph 8 describes the United States Attorney's |

11:19AM  1    Office promises in this case.  Most importantly to Mr. Booker,

11:19AM  2    the Government is agreeing to dismiss Count 4 in this -- let

11:19AM  3    me make sure I just recited it --

11:19AM  4           THE COURT:  Count 3?

11:19AM  5           MR. HAKES:  Count 3, my apologies.  Count 3 against

11:19AM  6    Mr. Booker in the Third Superseding Indictment, which alleges

11:19AM  7    possession of a firearm in furtherance of drug trafficking.

11:19AM  8           The dismissal will happen at the time of sentencing

11:19AM  9    at which time the Government will also move to dismiss any

11:19AM 10    remaining charges filed against Mr. Booker in any of the

11:19AM 11    underlying charging instruments.

11:19AM 12           Paragraph 9 just relates that there is no agreement

11:19AM 13    about the final sentencing guideline range in this case.

11:19AM 14           And paragraph 10 discusses a waiver of Mr. Booker's

11:19AM 15    constitutional rights.  Those are rights that the Court has

11:19AM 16    just gone over with Mr. Booker.

11:19AM 17           Paragraph 11 discusses a waiver of appeal and

11:19AM 18    collateral attack in this case and explains that Mr. Booker is

11:19AM 19    waiving both of those rights with six limited exceptions that

11:20AM 20    are described in paragraph 11(b).  Those exceptions are:

11:20AM 21           If the Defendant's sentence on any count or

11:20AM 22    conviction exceeded the statutory maximum for that count;

11:20AM 23           If the Defendant's sentence was based on an

11:20AM 24    unconstitutional factor, such as race, religion, national

11:20AM 25    origin, or gender;

11:20AM  1        If the district court incorrectly determined the

11:20AM  2    sentencing guideline range if the Defendant objects at

11:20AM  3    sentencing on that basis;

11:20AM  4        If the Defendant's sentence is above the sentencing

11:20AM  5    guideline range as determined by the Court at sentencing and

11:20AM  6    is unreasonable;

11:20AM  7        If the guilty plea was involuntary or unknowing;

11:20AM  8        And, finally, if the attorney who represented

11:20AM  9    Mr. Booker during the course of this criminal case provided

11:20AM  10   ineffective assistance of counsel.

11:20AM  11       Paragraph 12 concerns -- contains a waiver of any

11:20AM  12   rights Mr. Booker may have under the Freedom of Information

11:20AM  13   Act.

11:20AM  14       Paragraph 13 just makes clear that this is an

11:20AM  15   agreement between the United States Attorney's Office for the

11:20AM  16   Western District of Michigan and Mr. Booker and does not

11:20AM  17   include the Court as a party.

11:20AM  18       Paragraph 14 again explains that the agreement is

11:21AM  19   limited to the parties and doesn't bind any other portion of

11:21AM  20   the federal government or state or local jurisdictions.

11:21AM  21       Paragraph 15 explains what the consequences of a

11:21AM  22   breach will be; namely, that both parties will go back to the

11:21AM  23   position they were before signing this agreement, which is

11:21AM  24   proceeding to trial.

11:21AM  25       And paragraph 16 explains that this is the complete

| | | |
|---|---|---|
| 11:21AM | 1 | agreement and there aren't any promises besides what has been |
| 11:21AM | 2 | written down there and filed with the Court. |
| 11:21AM | 3 | That's a summary, Your Honor. |
| 11:21AM | 4 | THE COURT:  Thank you, Mr. Hakes. |
| 11:21AM | 5 | Mr. Booker, I see that you have a document in front |
| 11:21AM | 6 | of you. |
| 11:21AM | 7 | Is that the written plea agreement? |
| 11:21AM | 8 | THE DEFENDANT:  Yes. |
| 11:21AM | 9 | THE COURT:  And have you read that in its entirety? |
| 11:21AM | 10 | THE DEFENDANT:  Yes, ma'am, I have. |
| 11:21AM | 11 | THE COURT:  And I see a signature page with a date of |
| 11:21AM | 12 | 3-24-22. |
| 11:21AM | 13 | Is that your signature? |
| 11:21AM | 14 | THE DEFENDANT:  Yes, ma'am. |
| 11:21AM | 15 | THE COURT:  Did you sign this agreement on March 24th |
| 11:21AM | 16 | of 2022? |
| 11:21AM | 17 | THE DEFENDANT:  Yes, ma'am, I did. |
| 11:21AM | 18 | THE COURT:  Ms. Nieuwenhuis, is there any additional |
| 11:21AM | 19 | salient parts of that written plea agreement you'd like to |
| 11:21AM | 20 | address for the record? |
| 11:21AM | 21 | MS. NIEUWENHUIS:  No, Your Honor.  Thank you. |
| 11:21AM | 22 | THE COURT:  Is there anything in that plea agreement |
| 11:22AM | 23 | that is unclear to you or that you don't understand or about |
| 11:22AM | 24 | you have any questions at this time? |
| 11:22AM | 25 | THE DEFENDANT:  No.  Not at this moment, Your Honor. |

| | |
|---|---|
| 11:22AM | **1** |
| 11:22AM | **2** |
| 11:22AM | **3** |

THE COURT:  Ms. Nieuwenhuis, are you aware of any promises, threats, or inducement other than those in the plea agreement or discussed on the record?

MS. NIEUWENHUIS:  I am not, Your Honor.

THE COURT:  The Court has two decisions to make associated with this change of plea hearing:

One is whether to accept your guilty plea to Count 2, and the other is whether to accept the plea agreement.  These are separate matters.  The Court's role with the plea agreement is to make sure that it reflects the best interest of justice.

I will decide today whether to accept the plea if it's voluntary, you understand it, and there is an adequate factual basis, but I won't decide whether to accept the plea agreement until after I review the presentencing report.

Any questions about that?

THE DEFENDANT:  So I don't really -- I don't really get what you're saying.  So the plea agreement is not -- I don't get that part.  I'm kind of lost.  You saying that you accept the plea but not the agreement yet?

THE COURT:  Right.  The plea doesn't bind me.

THE DEFENDANT:  Okay.

THE COURT:  It binds the parties and how you will proceed with one another.  It does not bind the Court.  So what I'll decide today is whether or not you're entering this

| | | |
|---|---|---|
| 11:23AM | 1 | plea voluntarily, willingly, and knowingly. |
| 11:23AM | 2 | THE DEFENDANT:  Okay. |
| 11:23AM | 3 | THE COURT:  Once I read the presentence report and I |
| 11:23AM | 4 | feel the agreement that you've made between you and the |
| 11:23AM | 5 | Government is fair, then I will decide whether to accept it. |
| 11:23AM | 6 | THE DEFENDANT:  Okay. |
| 11:23AM | 7 | THE COURT:  Does that make sense? |
| 11:23AM | 8 | THE DEFENDANT:  Yeah, it does. |
| 11:23AM | 9 | THE COURT:  Okay.  Any other questions on that front? |
| 11:23AM | 10 | THE DEFENDANT:  No, ma'am. |
| 11:23AM | 11 | THE COURT:  All right. |
| 11:23AM | 12 | I had you, Mr. Hakes, summarize the factual basis to |
| 11:24AM | 13 | the offense.  Is there anything more you want to add about the |
| 11:24AM | 14 | factual basis for which this plea is being taken today? |
| 11:24AM | 15 | MR. HAKES:  Not at this time, Your Honor, no. |
| 11:24AM | 16 | THE COURT:  All right. |
| 11:24AM | 17 | Mr. Booker, we talked about the elements of the |
| 11:24AM | 18 | offense, and Mr. Hakes talked to you about what evidence he |
| 11:24AM | 19 | would bring at trial.  I do need to hear in your own words why |
| 11:24AM | 20 | you believe you are guilty of this offense and -- unless you |
| 11:24AM | 21 | want to read the statement of the written plea agreement and |
| 11:24AM | 22 | adopt that as your own, but I need to hear from you what you |
| 11:24AM | 23 | did that makes you guilty. |
| 11:24AM | 24 | So would you be able to do that at this time? |
| 11:24AM | 25 | THE DEFENDANT:  Yes, ma'am.  I believe because on |

| | | |
|---|---|---|
| 11:24AM | 1 | November 22nd I possessed controlled substance of cocaine |
| 11:24AM | 2 | base, and had the intentions to distribute it to others, it |
| 11:24AM | 3 | makes me guilty of Count 2 in Kentwood, Michigan. |
| 11:25AM | 4 | THE COURT:  And did you possess 6. -- 7.6 grams of |
| 11:25AM | 5 | cocaine base? |
| 11:25AM | 6 | THE DEFENDANT:  Yes, ma'am, I did. |
| 11:25AM | 7 | THE COURT:  That was found on your kitchen table? |
| 11:25AM | 8 | THE DEFENDANT:  Yes. |
| 11:25AM | 9 | THE COURT:  And you knew about that cocaine base, |
| 11:25AM | 10 | correct? |
| 11:25AM | 11 | THE DEFENDANT:  Yes, ma'am.  I knew it was there. |
| 11:25AM | 12 | THE COURT:  And had the ability to control it. |
| 11:25AM | 13 | THE DEFENDANT:  Yes, ma'am, I did. |
| 11:25AM | 14 | THE COURT:  Mr. Hakes, is there anything else you |
| 11:25AM | 15 | would like to elicit in terms of testimony from Mr. Booker in |
| 11:25AM | 16 | that regard? |
| 11:25AM | 17 | MR. HAKES:  Your Honor, I think that is legally |
| 11:25AM | 18 | sufficient. |
| 11:25AM | 19 | THE COURT:  Both parties are satisfied with the |
| 11:25AM | 20 | factual basis of the plea? |
| 11:25AM | 21 | MS. NIEUWENHUIS:  I am, Your Honor. |
| 11:25AM | 22 | THE COURT:  Thank you. |
| 11:25AM | 23 | At this time, I find that Mr. Booker understands the |
| 11:25AM | 24 | nature of the charges and the penalties provided by law.  I |
| 11:26AM | 25 | find that the plea is made knowingly and with full |

11:26AM  **1**    understanding of each of the rights explained to Mr. Booker,

11:26AM  **2**    and it's made voluntarily and free from any force, threats, or

11:26AM  **3**    promises apart from the plea agreement.

11:26AM  **4**           I also find that the plea has a sufficient factual

11:26AM  **5**    basis.  I accept the plea, and I adjudicate Mr. Booker guilty

11:26AM  **6**    of Count 2 of the Third Superseding Indictment.

11:26AM  **7**           With regard to the plea agreement, we'll talk about

11:26AM  **8**    that again when we next meet at sentencing.  With regard to

11:26AM  **9**    sentencing, we'll schedule a hearing in the next 90 to

11:26AM  **10**   120 days to give the probation department sufficient time to

11:26AM  **11**   do a thorough and adequate job in that report.

11:26AM  **12**          Again, as I noted earlier, you will have an

11:26AM  **13**   opportunity to participate and provide input in that.

11:26AM  **14**          And, Ms. Nieuwenhuis, I remind you of your obligation

11:27AM  **15**   to comply with the local rules regarding the presentence

11:27AM  **16**   report, preparations, interviews, and conferences.  So make

11:27AM  **17**   sure you give your input and that you're comfortable with

11:27AM  **18**   everything in there.

11:27AM  **19**          THE DEFENDANT:  Okay.

11:27AM  **20**          THE COURT:  I understand you will be continued under

11:27AM  **21**   detention at this time.

11:27AM  **22**          Is there anything, Counselors, that I have neglected

11:27AM  **23**   to address or that you would like to bring before the Court

11:27AM  **24**   today?

11:27AM  **25**          MR. HAKES:  No, Your Honor.

| | | |
|---|---|---|
| 11:27AM | 1 | MS. NIEUWENHUIS:  No, Your Honor.  Thank you. |
| 11:27AM | 2 | THE COURT:  All right. |
| 11:27AM | 3 | Again, when we come back, we will be dealing with |
| 11:27AM | 4 | three counts:  Of the Superseding Indictment, Counts 1 and 3; |
| 11:27AM | 5 | and then Count 2 of the Third Superseding Indictment. |
| 11:27AM | 6 | Is that correct? |
| 11:27AM | 7 | THE DEFENDANT:  Yes, ma'am. |
| 11:27AM | 8 | MS. NIEUWENHUIS:  That is correct. |
| 11:27AM | 9 | MR. HAKES:  Yes, Your Honor. |
| 11:27AM | 10 | THE COURT:  Thank you. |
| 11:27AM | 11 | That is all for the record. |
| 11:27AM | 12 | THE CLERK:  All rise, please.  This court is now |
| 11:28AM | 13 | adjourned. |
| 11:28AM | 14 | (At 11:28 a.m., the matter was |
| | 15 | concluded.) |
| | 16 | |
| | 17 | |
| | 18 | |
| | 19 | |
| | 20 | |
| | 21 | |
| | 22 | |
| | 23 | |
| | 24 | |
| | 25 | |

*REPORTER'S CERTIFICATE*

1

2

3          I, Melinda I. Dexter, Official Court Reporter for

4    the United States District Court for the Western District of

5    Michigan, appointed pursuant to the provisions of Title 28,

6    United States Code, Section 753, do hereby certify that the

7    foregoing is a full, true, and correct transcript of the

8    proceedings had in the within entitled and numbered cause on

9    the date hereinbefore set forth; and I do further certify

10   that the foregoing transcript has been prepared by me or

11   under my direction.  WITNESS my hand this date, October 26,

12   2022.



          Melinda I. Dexter, CSR-4629, RMR, CRR
          U.S. District Official Court Reporter
          602 Federal Building
          110 Michigan St., NW
          Grand Rapids, MI 49503