```
 1                IN THE UNITED STATES DISTRICT COURT

 2               FOR THE WESTERN DISTRICT OF MICHIGAN

 3                         SOUTHERN DIVISION

 4     UNITED STATES OF AMERICA,

 5           Plaintiff,                  No.  1:20cr189

 6      vs.

 7     MYKAEL LEE BOOKER,

 8           Defendant.

 9
       Before:
10
                     THE HONORABLE ROBERT J. JONKER,
11                          U.S. District Judge
                            Grand Rapids, Michigan
12                          Wednesday, July 7, 2021
                         Omnibus Hearing Proceedings
13
       APPEARANCES:
14
                   MR. ANDREW BIRGE, U.S. ATTORNEY
15                 By:  MS. KRISTEN PINKSTON
                   The Law Building
16                 330 Ionia Avenue, NW
                   Grand Rapids, MI 49501-0208
17                 (616) 456-2408

18                         On behalf of the Plaintiff;

19                 FEDERAL PUBLIC DEFENDERS
                   By:  MS. HELEN C. NIEUWENHUIS
20                 50 Louis Street NW, Suite 300
                   Grand Rapids, Mi 49503-2633
21                 (616) 742-7420

22                         On behalf of the Defendant.

23     REPORTED BY:  MR. PAUL G. BRANDELL, CSR-4552, RPR, CRR

24

25
```

```
 1                    07/07/2021
 2                    (Proceedings, 10:03 a.m.)
 3               THE CLERK:  The United States District Court for the
 4     Western District of Michigan is now in session.  The Honorable
 5     Robert J. Jonker, chief judge, presiding.
 6               THE COURT:  We're here on the case of the United
 7     States against Mykael Booker, 1:20cr189.  Let's start with
 8     appearances, please.
 9               MS. PINKSTON:  Good morning, Your Honor.  Kristen
10     Pinkston on behalf of the United States.
11               THE COURT:  All right.  Thank you.
12               MS. NIEUWENHUIS:  And Helen Nieuwenhuis on behalf of
13     Mr. Booker, Your Honor, and Mr. Booker is present as well.
14               THE COURT: All right. I said Mykael. Is that the
15     right pronunciation or is it Mykael?
16               THE CLERK:  It's Mykael.
17               THE COURT:  All right.  Mykael.  Thank you.
18               I just had a couple questions before we go forward
19     with Mr. Booker.  My understanding is the expectation is that
20     Mr. Booker is going to plead to all four of the charges against
21     him and there is no plea agreement.  Is that what you are
22     expecting, too, Ms. Nieuwenhuis?
23               MS. NIEUWENHUIS:  Yes, Your Honor.
24               THE COURT:  And Ms. Pinkston?
25               MS. PINKSTON:  That is correct, Your Honor.
```

**1**     THE COURT: Okay. I had a couple of other questions.
**2** I noticed that the Count 3 charges felon in possession of
**3** ammunition, not a firearm, and Count 4 is possession of the
**4** firearm in furtherance of drug trafficking. Count 4 just
**5** references a pistol. And I just wanted to get clarity on why
**6** the firearm isn't part of Count 3? Is it a jurisdictional
**7** question or something different?
**8**     MS. PINKSTON: Your Honor, in terms of Count 3, Count
**9** 3 is the ammunition that was found at the search warrant for
**10** the apartment.
**11**     THE COURT: Right.
**12**     MS. PINKSTON: In terms of the firearm, the firearm --
**13** the pistol references the gun in which Defendant directed a
**14** woman to give to another individual in anticipation of the
**15** police raiding his apartment.
**16**     THE COURT: Okay. But if, in fact, he was a convicted
**17** felon and he had a pistol that qualified as a firearm, which it
**18** would have to for 4, why wouldn't it also be applicable to the
**19** felon in possession of a firearm or the Count 3 charge? I
**20** mean, why just focus on the ammunition, not the firearm?
**21**     MS. PINKSTON: Your Honor, in terms of the ammunition,
**22** the ammunition was actually physically recovered during that
**23** search warrant, and so that was the charging decision made at
**24** the time.
**25**     THE COURT: Okay. But it still doesn't -- what I am

1  getting at is are we sure that the pistol for Count 4 is a
2  federal firearm?  I mean, I don't understand why -- you know,
3  it's not identified in Count 4.  It's just identified or
4  described as a pistol.  So in my own mind I wondered, well, you
5  know, were they unable to demonstrate jurisdictional nexus
6  which would be required for the 922(g) or is there some other
7  problem with it?  But it still has to be a defined firearm,
8  right, for a 924(c)?
9           MS. PINKSTON:  Your Honor, may -- do you mind if I
10 have one moment to discuss this with AUSA Jonathan Roth?
11          THE COURT:  No.  No.  That's fine.  And then let's
12 just get the other question on my mind --
13          MS. PINKSTON:  Sure.
14          THE COURT:  -- confirmed.  The 922(g), Count 3, felon
15 in possession of ammunition, looks like for sentencing purposes
16 the parties expect to be under the Armed Career Criminal Act,
17 so it is a 15-year minimum, is that right?
18          MS. PINKSTON:  Correct, Your Honor.
19          THE COURT:  And you have looked at the predicates and
20 are satisfied, Ms. Nieuwenhuis, that they are in effect here?
21          MS. NIEUWENHUIS:  I am, Your Honor.
22          THE COURT:  Are they crimes of violence or drug
23 trafficking or some combination?
24          MS. NIEUWENHUIS:  They are drug trafficking, and his
25 prior criminal history was very complicated.  We have come to

```
 1    the conclusion after reviewing it numerous times that he is not
 2    a career offender, but I believe under the armed career
 3    criminal he probably would qualify.
 4              THE COURT:  All right.  Because some of the --
 5    presumably some of them are early enough that they are not
 6    going to score points for a career offender.
 7              MS. NIEUWENHUIS:  That's correct, Your Honor.
 8              THE COURT:  I see.  But nonetheless would qualify
 9    under 924(e)?
10              MS. NIEUWENHUIS:  Yes.
11              THE COURT:  The last question, which is related I
12    guess.  On the forfeiture allegation there is some cash and
13    then again just the ammunition but not the pistol.  So I am
14    curious about that for the same reason I am curious about the
15    underlying facts.  And I don't know if you have any comment or
16    observation, Ms. Nieuwenhuis, or if you want to wait and see
17    what the government's position is?
18              MS. NIEUWENHUIS:  Well, Your Honor, I have talked over
19    some of this with AUSA Roth.  I think part of the difficulty on
20    the 924(c) is that firearm was never recovered.
21              THE COURT:  I see.
22              MS. NIEUWENHUIS:  And Mr. Booker has indicated to me
23    some questioning as well on the 924(c).  I would propose maybe
24    that he enter pleas to the other Counts and we could look
25    further into the 924(c) if that's acceptable to the Court and
```

1    the government?  Other than that, I have discussed this
2    numerous times as well with Attorney Celis in our office, our
3    research and writing attorney.  Other than that, that's what I
4    would like to place on the record.
5            THE COURT:  All right.  Well, why don't we do this.
6    Why don't we follow Ms. Pinkston's idea that she try to reach
7    Mr. Roth, who is your co-counsel on it.  We'll just stand by.
8    We have some afternoon hearings but we don't have anything in
9    the morning, so we can just -- if you think you can get to him
10   quickly we'll take a short break and let me know when you are
11   ready, and if for some reason he is unavailable we can take a
12   longer break.
13           MS. PINKSTON:  Yes, Your Honor.
14           THE COURT:  Okay.  Thank you.
15           THE CLERK:  Court is in recess.
16           (Recess taken, 10:10 a.m.)
17           (Resume proceedings, 10:24 a.m.)
18           THE CLERK:  United States District Court for the
19   Western District of Michigan is now in session.  The Honorable
20   Robert J. Jonker, chief judge, presiding.
21           THE COURT:  All right.  We're back on Mykael Booker
22   with the United States as the Plaintiff.  Case No. 1:20cr189.
23   We took a break just to get some more information for some of
24   the Court's benefit.  I want to go to Ms. Pinkston and get an
25   update.

1     MS. PINKSTON:  Thank you so much for allowing me to
2 confer with my co-counsel, Your Honor.  I do appreciate that
3 time.
4     So the United States' position is that given the
5 Court's raised concerns regarding proceeding with a plea on the
6 924(c) where the firearm or the pistol has not been recovered,
7 we would like to submit briefing to the Court on that issue in
8 terms of the 924(c) charge on a pistol that has not been
9 recovered in terms of the Court's concern of how the United
10 States would prove that it was a firearm under Title 18.
11     THE COURT:  Okay.
12     MS. PINKSTON:  I can summarize the evidence that we
13 would offer.
14     THE COURT:  Sure.
15     MS. PINKSTON:  Which is what I was prepared to do
16 today but I think that Your Honor is looking for a little bit
17 more in terms of case law, if that is fair?
18     THE COURT:  All right.  What about the other three
19 charges?  Are you prepared to, Mr. Booker, go ahead with those?
20     MS. PINKSTON:  No, Your Honor.  The United States
21 would like to deal all the charges at once.
22     THE COURT:  All right.  Anything further on that from
23 your perspective, Ms. Nieuwenhuis?
24     MS. NIEUWENHUIS:  No, Your Honor.  Just as long as
25 Mr. Booker's plea is timely, which I'm sure it is if the Court

**1**  grants the government's request, and we would also like the
**2**  opportunity to brief that.
**3**         THE COURT: Okay. Well, I think that makes sense. If
**4**  you want to summarize, sort of give me a preview if you are
**5**  prepared to do that, that would help, Ms. Pinkston, but I think
**6**  you are right, it would be helpful to get the briefing in on
**7**  it.
**8**         MS. PINKSTON: Certainly, Your Honor. So in terms of
**9**  the 924(c), the United States, if that charge had proceeded to
**10** trial, would have offered evidence, both direct and
**11** circumstantial evidence, of a firearm, eyewitness testimony of
**12** observations, ammunition for that particular firearm, a box for
**13** the firearm itself, and Defendant's own statements about going
**14** to get the pistol and what to do with the pistol. And so that
**15** is a summary of what Your Honor can expect to see in the
**16** briefing.
**17**        THE COURT: Okay. Is there just from a proffer
**18** perspective any evidence that it was a working pistol?
**19**        MS. PINKSTON: My understanding -- so in terms of a
**20** test fire, Your Honor, of course there isn't.
**21**        THE COURT: Right. Not that but somebody saying, hey,
**22** we saw somebody fire it or anything like that?
**23**        MS. PINKSTON: Your Honor, I would need to fully go
**24** through the statements.
**25**        THE COURT: Okay.

1               MS. PINKSTON:  So I don't want to tell you
2     something --
3               THE COURT:  Understood.
4               MS. PINKSTON:  -- based just only on the recollection.
5               THE COURT:  Okay.  Anything else, Ms. Nieuwenhuis?
6               MS. NIEUWENHUIS:  No, Your Honor.  Thank you.
7               THE COURT:  All right.  Well, Mr. Booker, I am sure
8     you can talk to Ms. Nieuwenhuis and should talk to her so that
9     you get a clear understanding from your lawyer of what
10    happened.  From my perspective, in preparing this I had the
11    question I raised to the lawyers about it's unusual in my
12    experience to have a felon in possession of ammunition charge
13    but then a separate charge involving a firearm, which if, in
14    fact, was possessed in furtherance of a drug trafficking crime
15    would have seemed to be a basis, in my mind, for that charge in
16    Count 3, felon in possession of not just ammunition but a
17    firearm, too.
18              As I am hearing it, the firearm was never recovered,
19    and under those circumstances, among other things, the
20    government might not be able to create the jurisdictional nexus
21    or a basis for the jurisdictional nexus showing it was a
22    firearm manufactured outside of Michigan, found in Michigan,
23    for example.  But the government still has to show that it was
24    a federal firearm, which is a defined term in the statute.  And
25    of course, if you were prepared to admit that that would be one

1  way for the proof, but that's not, I don't anticipate, where
2  we're going.
3       So the government is saying they want to summarize for
4  me the evidence they would reply onto show and convince, first
5  of all, me or a jury if it went to trial that that pistol was,
6  in fact, a firearm that you, in fact, possessed in furtherance
7  of drug trafficking crimes.  And when I get that evidence
8  summarized, and when Ms. Nieuwenhuis has a chance to respond
9  then we'll make the decision on how to go forward with the
10 case.  Rather than have you say today I am going to plead
11 guilty to Counts 1, 2 and 3 and we are going to wait and see
12 what happens on 4, we are going to deal with the whole thing in
13 a package because it may be if I think there is a problem with
14 Count 4 both sides have a different path of proceeding or it
15 may be that I'm satisfied and then we'll come back and do what
16 we had planned or expected to do today.  You should certainly
17 talk to your lawyer about this, but do you have any questions
18 for me at this point?
19       THE DEFENDANT:  No, sir.
20       THE COURT:  Okay.  All right.  Ms. Nieuwenhuis,
21 anything else from your perspective?
22       MS. NIEUWENHUIS:  No, Your Honor.  Thank you.
23       THE COURT:  How much time do you want, Ms. Pinkston?
24       MS. PINKSTON:  Until Friday, Your Honor.
25       THE COURT:  Okay.  And then how much time do you want

```
 1    to respond?
 2            MS. NIEUWENHUIS:  I would like at least a week.
 3            THE COURT:  Okay.  We'll get Ms. Pinkston's summary by
 4    Friday and give the Defense a week after and we'll go from
 5    there.
 6            Very good.  All right.  Thanks all.  I know it's a
 7    long ride from Newaygo just to come and sit here for a little
 8    while but we'll see each other again I'm sure.
 9            THE DEFENDANT:  All right.  Thank you.
10            MS. PINKSTON:  Thank you, Your Honor.
11            THE CLERK:  Court is in recess.
12            (Proceeding concluded, 10:30 a.m.)
13
14
15
16
17
18
19
20
21
22
23
24
25
```

**1**     REPORTER'S CERTIFICATE

**2**

**3**     I, Paul G. Brandell, Official Court Reporter for the

**4**     United States District Court for the Western District of

**5**     Michigan, appointed pursuant to the provisions of Title 28,

**6**     United States Code, Section 753, do hereby certify that the

**7**     foregoing is a full, true and correct transcript of the

**8**     proceedings had in the within entitled and numbered cause on

**9**     the date hereinbefore set forth; and I do further certify that

**10**    the foregoing transcript has been prepared by me or under my

**11**    direction.

**12**

**13**

**14**                    /s/ Paul G. Brandell

**15**                    Paul G. Brandell, CSR-4552, RPR, CRR

**16**                    U.S. District Court Reporter

**17**                    399 Federal Building

**18**                    Grand Rapids, Michigan  49503

**19**

**20**

**21**

**22**

**23**

**24**

**25**